Andrew v. Deshler.

---

WILLIAM E. ANDREW v. CHARLES D. DESHLER.

1. In an action for slander of title malice is of the gist of the action, and the real point on the question of malice is whether the defendant made the statement *bona fide* and under an honest impression of its truth, or whether he made it maliciously for the purpose of slandering the plaintiff's title.

2. When the publication of a notice of defect of title is brought within the limits of a privileged communication, the burden of proving malice in fact is thrown upon the plaintiff. This may be done either by extrinsic evidence, or from the language of the communication itself, as if its terms be disproportioned to the exigencies of the occasion, or if the language used be unnecessarily excessive or more defamatory than the occasion require.

3. If there be any evidence of malice, either extrinsic or intrinsic, in answer to the immunity claimed by reason of the occasion, the question of malice should be submitted to the jury.

4. Where a defendant published in the notice of the defect of title of the plaintiff "that a final injunction and decree were obtained against the plaintiff in the Circuit Court of the United States," whereas, in fact, no final decree ever had been made in the suit, which was discontinued by consent of the parties before the publication of the notice, and the only decree made was a mere *ex parte* order for a preliminary injunction—*Held*—

1. Such allegation was in excess of the occasion and entirely unwarranted, either to the protection of the interests of the corporation represented by the defendants or for warning the public against danger of litigation and loss in case of infringement of the company's patents.

2. Such allegation was not a mere assertion of a supposed right, but an unfounded attack on the title of the plaintiff.

On error to the Supreme Court. The facts are fully set forth in the opinion.

For the plaintiff in error, *John Linn.*

For the defendant in error, *Joseph D. Bedle.*

The opinion of the court was delivered by

GREEN, J. This was an action on the case for special damage sustained by reason of the publication of an alleged slander of the plaintiff's title to letters patent for the " improvement in processes and apparatus for rendering fats." The alleged libel was in the form of a notice or caution published in several newspapers by the defendant as secretary of the United States Dairy Company, as follows :

" To all whom it may concern : The United States Dairy Company, the sole owners of the patents of Hyppolite Mege, Paris, for the United States, for the discovery and manufacture of the butter-like product or oleomargarine, or fat rendered at temperatures that will produce a product free from disagreeable taste or odor, and of every derivation or product therefrom, or from animal fats, including the manufacture of butter,

butterine, oleomargarine butter, and all butter made from the aforesaid product—

" Hereby caution the public against engaging in the manufacture of any of the aforesaid products, or in vending or otherwise dealing in the same, under the authority of any party or parties claiming to have subsequent patents for the above purposes, or any of them, as they will thereby render themselves liable to prosecution for infringement and damages. Suits are now pending in the United States Circuit Court against parties using the Andrew patent [meaning the said patent of said plaintiff.] A final injunction and decree was obtained against the said Andrew [meaning the said plaintiff,] and his associates, in the Circuit Court of the United States for the Southern District of New York, as may be seen by reference to the record of said court.

" The United States Dairy Company give this cautionary notice to save innocent parties from the cost and litigation that will follow upon their engaging in any act of infringement upon its patented rights, and also to disable them from pleading ignorance when suits are brought against them.

" New York, March 10th, 1880.

" C. D. DESHLER,

" *Secretary of the United States Dairy Company.*"

On the trial of the cause at the Circuit, the judge directed the jury to be called upon the ground that there was no evidence of malice or want of probable cause sufficient to maintain the plaintiff's action. The granting the non-suit is the only error assigned for reversing the judgment; and the only question for this court is, whether the case presents sufficient evidence of malice to support a verdict in favor of the plaintiff if the case had been submitted to the jury.

All the cases agree that in an action for slander of title, there must be evidence of malice, express or implied. If the words are spoken by a stranger, the law presumes malice. But if the party is himself interested in the matter and announces the defect of title, *bona fide*, either for the purpose of protect-

ing his own interest or preventing the commission of a fraud, the legal presumption of malice is rebutted.    Malice is of the gist of the action, and the real point on the question of malice is whether the defendant made the statement *bona fide* and under an honest impression of its truth, or whether he made it maliciously, for the purpose of slandering the plaintiff's title.    *Pitt* v. *Donovan*, 1 *M. & S.* 639.

In this case, if the occasion of the notice be such as to repel the presumption of malice, the burden is thrown upon the plaintiff of giving evidence of actual malice.    If there were no such evidence in the cause, it was the office of the judge to withdraw the case from the jury, and the judgment of non-suit cannot be impeached.

There has been considerable discussion as to how far the publication of a notice of this character is a privileged communication, so as to repel the presumption of malice and afford a qualified defence to the action.    The cases upon the subject which are found collected in Addison on Torts and in Folkard's Starkie on Slander, and which it is quite unnecessary to review, sustain the position that such publication is justifiable as well upon the ground that it is for the convenience and welfare of society to warn intended purchasers against the danger of litigation under a defective title, as for the protection of the interest of the party giving the notice.

Assuming that the occasion of the publication brings the notice within the limits of a privileged communication, the burden of proving malice in fact is thrown upon the plaintiff. And this may be made out either by extrinsic evidence or from the language of the communication itself, as if its terms be disproportioned to the exigencies of the occasion, or if the language used be unnecessarily excessive or more defamatory than the occasion requires.    The jury may look at both the matter and manner of the publication for the purpose of deciding the question of malice.    *Folkard's Starkie on Slander*, § 576.

If there be any evidence of malice, the authorities almost universally hold that the question of malice should be sub-

mitted to the jury. In *Cooke* v. *Wildes*, 5 *E. & B.* 328, Lord Campbell says : " We are of opinion that wherever there is evidence of malice, either extrinsic or intrinsic, in answer to the immunity claimed by reason of the occasion, a question arises which the jury, and the jury only, ought to determine." To the same effect are the cases of *Wright* v. *Woodgate*, 2 *Cr., M. & R.* 573 ; *Gilpin* v. *Fowler*, 9 *Ex.* 615 ; *White* v. *Nicholls*, 3 *How.* 266, and *Like* v. *McKinstry*, 3 *Abb. Pr.* 62.

In *Gassett* v. *Gilbert*, 6 *Gray* 94, the court, after holding that the defendants were justified in publishing a notice in proper and necessary language, make the following remarks as to the proof of actual malice by intrinsic evidence : " But it does not follow that there was no evidence in the case upon which it was proper for the jury to pass as showing the existence of actual malice on the part of the defendants. They cannot be justified if they have included in their notice any statements of a defamatory nature not warranted by the occasion which called forth the publication. The privilege must be limited by the exigency, and if the defendants, by the terms of the notice, exceeded the just limits which were necessary and proper to accomplish the legitimate purpose of protecting the corporation and the public from the unauthorized acts of the plaintiff, it will be evidence of malice proper to be weighed by the jury. We are, therefore, of opinion that the case must be submitted to the jury to determine the question whether, under all the circumstances, the defendants have not exceeded the just bounds of their privilege and been actuated, not by an honest purpose to protect the interests of the corporation, but by a malicious design to defame the plaintiff." The same doctrine is held in *Swan* v. *Tappan*, 5 *Cush.* 104, and in *Brow* v. *Hathaway*, 13 *Allen* 239.

Applying these well-settled principles to the case before the court, I cannot concur in the views of the learned justice who tried the cause, that " the evidence fails in disclosing the published notice to be other than an assertion of a supposed right on the part of the defendant, and fails to show any evil or

mischievous design from which a jury would be justified in finding malice."

The plaintiff proved publication, the falsity of the most material and damaging allegation in the notice, viz., " that a final injunction and decree were obtained against the plaintiff in the Circuit Court of the United States," and special damage resulting from that part of the notice alleged to be *mala fide*.

As against letters patent, the allegation of a final decree and injunction is absolute destruction to the plaintiff's title and all his rights under the letters.   Such allegation was in excess of the occasion and entirely unnecessary, either to the protection of the interests of the corporation represented by the defendant or for warning the public against the danger of litigation and loss in case of infringement of the company's patents. These ends were fully met by the previous statement of the dairy company's exclusive rights and the cautionary warning to the public.   The allegation was untrue in fact, no final decree having ever been made in the suit, which was discontinued by consent of the parties before the publication of the notice.   The only decree made in that cause was a mere *ex parte* order for a preliminary injunction.   The untrue allegation was not a mere assertion of a supposed right, but an unfounded attack on the title of the plaintiff.   While the defendant may have made the statement in good faith and may have believed it to be true, his reference to the record as evidence of its truth clearly shows that the best means of ascertaining the truth of the allegation were within his reach. The fact that a man makes an unwarranted and libelous charge when he holds in his hand complete evidence of its falsity, is a strong circumstance to go to a jury on the question of the *bona fides* of the statement.

I think there was sufficient evidence of malice to take the case to the jury, and, in the absence of rebutting testimony, to sustain a verdict in favor of the plaintiff, if the jury so found.

The judgment should be reversed.

Road Commissioners v. Freeholders of Hudson.

*For. affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DE-
PUE, DIXON, MAGIE, REED, SCUDDER, CLEMENT, COLE,
GREEN, KIRK, PATERSON, WHITAKER.   13.