The bill, in two counts, prays cancellation of two mortgages. One is a mortgage made by complainant and wife to defendant bank, dated August 27th, 1924, securing complainant's bond of even date for $20,000, payable in one year. No consideration was advanced when the bond and mortgage were given but the complainant was then indebted to the bank on notes made by him in the sum of $22,895, and was secondarily liable for $2,100 on a note of Union Silk Co., endorsed by complainant. Complainant alleges that the mortgage was given to secure $20,000 of his own notes, while the bank, by its answer, insists the mortgage was general collateral for his present and future liability to the bank as maker, endorser or otherwise. In 1929, complainant paid the last of his own notes held by the bank but he still remained liable on a note of the Silk Company for $4,500, which was in part a renewal of the old $2,100 note. According to complainant's testimony, when he made the payment in 1929, Smith, vice-president of the bank, said he would have the mortgage canceled of record and sent to complainant. Smith has no recollection of this conversation. In 1934, complainant had his attention called to the mortgage, still open of record, and learned definitely that the bank would not cancel it until the Silk Company debt was paid.
The bond and mortgage are conditioned to payment of $20,000. Since complainant's debt on his own notes exceeded that sum, I must hold, in the absence of proof to the contrary, that the $20,000 secured by the mortgage, was part of that debt and that payments on complainant's notes — at least after they were reduced to $20,000 — ought to have been credited on the mortgage. When the final payment was made, the mortgage was satisfied and could not be held by the bank as security for complainant's liability as endorser. The bond and mortgage must be cancelled.
Defendant pleads laches. But note, the complainant has *Page 406 
been in continuous possession of the land; the amount paid is undisputed. It is the bank which asserts the mortgage has an effect different from that which appears on its face. And the bank has had available the remedy of foreclosure for eighteen years. If, because of lapse of time, the bank is unable to present evidence of what debts the mortgage was intended to secure, this is the result of its own inaction. The defense of laches is overruled.
Complainant also asks damages. His theme is this: The mortgage, open of record, prevented him in 1934, from borrowing money to repair his property; the lack of repairs led to lower rents or none at all. And so he is damaged by the bank's refusal to cancel the mortgage. This branch of complainant's case may be catalogued as an action for slander of title — the false assertion that complainant's land was encumbered by the mortgage. The bank, however, is not liable since it was privileged to assert in good faith that it held a subsisting lien on the land, even though the claim is now at last disallowed. Restatement, Torts § 647.Andrew v. Deschler, 45 N.J. Law 167.
The other cause of action relates to a mortgage dated November 20th, 1931, and promptly recorded, made by the Silk Company to the bank to secure a note of the Silk Company endorsed by complainant and another. In 1934, the bank took judgment on the note in our Supreme Court for $3,188 against the Silk Company, the complainant, and the second endorser. Complainant held a mortgage which was prior to the bank's mortgage and judgment. On March 26th, 1935, complainant canceled his mortgage and took instead from the Silk Company a new mortgage. Complainant asserts that when he canceled his old mortgage, while he knew of the judgment, he was unaware of the existence of defendant's mortgage, or he would not have surrendered his prior lien. Also, that he told Smith of the bank of his plan in terms which indicated his ignorance of the bank's mortgage. Complainant argues that Smith was put under a duty to call complainant's attention to the mortgage and that his failure to do so constituted a fraudulent concealment by the bank. This is the basis of his prayer for relief. *Page 407 
On the occasion mentioned, complainant told the bank officers that the new mortgage was being taken by him for the protection of a number of creditors of the Silk Company, including the bank. More accurately, the mortgage was given to indemnify complainant on his guarantee of certain debts of the Silk Company, one being that owed to the bank as above related. The bank is ready to cancel its mortgage and judgment or assign them to complainant as soon as complainant pays. Complainant is not entitled to any relief in respect to this transaction until he fulfills his own obligation which is part of it. He who seeks equity, must do equity. Reeves v. Cooper, 12 N.J. Eq. 223; New JerseyFranklinite Co. v. Ames, 12 N.J. Eq. 66 and 512. There must be a decree for the bank on this count. As each of the parties succeeds in part, no costs will be allowed either. *Page 408