■ MERRIMAKER CORPORATION, Respondent, v STELLA SCHWARTZ, as Agent for 245 Associates, Appellant.—Order, Supreme Court, New York County, entered February 9, 1977, granting plaintiff's motion to strike the first and second affirmative defenses and the third affirmative defense and counterclaim, and granting summary judgment to the plaintiff, unanimously modified, on the law, to the extent of denying the motion for summary judgment, reinstating the second affirmative defense and the third affirmative defense and counterclaim, and otherwise affirmed, without costs or disbursements. Stella Schwartz "as agent" entered into a contract to purchase certain real property from Alexander M. Frame and Anthony Kissling (F & K). A rider to the contract provided that F & K would execute a personal guarantee for payment of the purchase-money mortgage. F & K allegedly assigned the contract of sale to Monticello Realty Corp. which, in turn, assigned it to Merrimaker Corporation. Merrimaker brought this lawsuit to compel specific performance. Schwartz, the purchaser, interposed an answer alleging two affirmative defenses and a third defense and counterclaim. The first affirmative defense alleges that the contract provided that there would be no liability upon the seller if the seller failed to transfer the property for any reason whatsoever. The second alleged that F & K represented that they were financially responsible and would personally guarantee payment of the purchase-money mortgage. Since they are not financially responsible, the seller is released from any obligation. The third affirmative defense and counterclaim alleges that Merrimaker had filed a *lis*

*pendens* against the property rendering it unmarketable and causing defendant damages. Merrimaker moved to dismiss the affirmative defenses and counterclaim. Special Term granted the motion and further granted summary judgment to Merrimaker, since it was conceded that, absent the stated defenses, no issues remained. We would modify and reinstate the second affirmative defense and the third affirmative defense and counterclaim. The second affirmative defense related to an inability to obtain the personal guarantees of F & K is a bar to the granting of specific performance, in view of the failure to join F & K as parties defendant. Furthermore, factual issues relating to the validity of the assignment of the contract have been raised precluding the grant of summary judgment. If defendant prevails on this factual issue, a counterclaim may lie relating to wrongful filing of a *lis pendens.* Special Term should therefore not have stricken the second affirmative defense and the third affirmative defense and counterclaim. Concur—Lupiano, J. P., Evans, Lane and Markewich, JJ.