170 N.J. Super. 491 (1979)
406 A.2d 1337
WENDY'S OF SOUTH JERSEY, INC., A PENNSYLVANIA CORPORATION WITH OFFICES AT 1312 FRICK BUILDING, PITTSBURGH, PENNSYLVANIA, AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, PLAINTIFF,
v.
BLANCHARD MANAGEMENT CORPORATION OF NEW JERSEY, A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided September 10, 1979.
*493 Mr. Robert T. Lehman for plaintiff (Messrs. Archer, Greiner & Read, attorneys).
Mr. Dennis A. Estis for defendant (Messrs. Greenbaum, Greenbaum, Rowe & Smith, attorneys).
GRUCCIO, J.S.C.
This is an action for the specific performance of an agreement to purchase real property. As is permitted by statute in such cases, plaintiff filed a notice of lis pendens. N.J.S.A. 2A:15-6. Defendant filed a counterclaim for slander of title along with its answer. The sole basis of this counterclaim is plaintiff's filing of the notice of lis pendens. The matter is now before me on motion by plaintiff to dismiss this counterclaim for failure to state a claim upon which relief can be granted. R. 4:6-2. The question presented, a novel one for this State but oft decided in other jurisdictions, is whether or not the filing of a notice of lis pendens is an absolutely privileged act from which no liability in an action for slander of title can arise.
An action for slander of title lies where there has been a malicious publication of false allegations concerning the title to one's property causing special damages. Andrew v. Deshler, 45 N.J.L. 167, 169, 172 (E. & A. 1883). See Rogers Carl Corp. v. *494 Moran, 103 N.J. Super. 163, 168 (App.Div. 1968); Fuega v. Northern New Jersey Mtg. Ass'n, 51 N.J. Super. 331, 337-341 (App. Div. 1958); Bogosian v. First Nat'l Bank of Millburn, 133 N.J. Eq. 404, 406 (Ch.Div. 1943). The tort of slander of title is almost identical to the tort of product disparagement, the only difference being that the former tort involves aspersing the quality of one's title to property and the latter tort involves aspersing the quality of one's property. System Operations, Inc. v. Scientific Games Develop. Corp., 555 F.2d 1131, 1140-1141 (3 Cir.1977); Vaccaro v. DePace, Inc., 137 N.J. Super. 512, 514 (Law Div. 1975); Prosser, "Injurious Falsehood: The Basis of Liability," 83 N.J.L.J. 1 (1960); 3 Restatement, Torts 2d, § 623A and comment (a) at 334-335; § 624 and comment (a) at 342-343, and § 626 and comment (a) at 345-346 (1977). Compare Klein v. Millside Farms, Inc., 8 N.J. 240, 242-245 (1951), with Andrew v. Deshler, supra. Both torts are specific examples of the general tort of injurious falsehood and the same privileges which apply to the torts of personal defamation apply to the tort of injurious falsehood. System Operations v. Scientific Games Develop. Corp., supra, 555 F.2d at 1140-1141; Albertson v. Raboff, 46 Cal.2d 375, 378, 295 P.2d 405, 408 (Sup.Ct. 1956); Stewart v. Fahey, 14 Ariz. App. 149, 150, 481 P.2d 519, 520 (Ct.App. 1971); 3 Restatement, Torts 2d, supra, § 623A and comment (a) at 334-335; § 635 and comment (a) at 361-362.
These privileges exist in recognition of a countervailing public policy to that requiring the imposition of liability for defamation. In certain circumstances the public need for free and unfettered discussion outweighs the need to protect individuals from injury caused by false statements. Rainier's Dairies v. Raritan Valley Farms, Inc., 19 N.J. 552, 557-558 (1955); Fenning v. S.G. Holding Corp., 47 N.J. Super. 110, 117 (App.Div. 1957). The privilege asserted to be applicable here is the absolute privilege of participants in judicial proceedings (whether they be judge, juror, party, witness or attorney) to be free from liability for statements made in the course of the proceeding and *495 having some relation thereto, even if the statements are made with malice. Rainiers Dairies v. Raritan Valley Farms, Inc., supra 19 N.J. at 557-558; Kantor v. Kessler, 132 N.J.L. 336 (E. & A. 1944); Fenning v. S.G. Holding Corp., supra 47 N.J. Super. at 117-118. The privilege extends to statements made in pleadings filed in the action, Genito v. Robinowitz, 93 N.J. Super. 225, 229 (App.Div. 1966); Thourot v. Hartnett, 56 N.J. Super. 306 (App.Div. 1959); Fenning v. S.G. Holding Corp., supra 47 N.J. Super. at 119, 351 the only limitations on the privilege being that the statements must be made in the course of the proceeding and must have some relation thereto.
This latter requirement, that the statement must have some relation to the proceeding, is given a liberal construction, "for otherwise the speaker or writer would have to decide the question of jurisdiction at his peril, and the sweep of the privilege would be inhibited at the cost of the policy considerations which give it life." Fenning v. S.G. Holding Corp., supra at 118. The relation to the proceeding "thus required is not a technical legal relevancy, such as would, necessarily, justify insertion of the matter in a pleading or its admission into evidence, but rather a general frame of reference and relationship to the subject matter of the action." Id. There is no doubt that a notice of lis pendens satisfies this requirement of the privilege. Under our lis pendens statute, N.J.S.A. 2A:15-6 et seq., a notice of lis pendens can be filed in any action affecting real estate. This written notice shall contain the title of the action, the general object of the action and the description of the real estate involved. N.J.S.A. 2A:15-6. The notice is in effect a republication of some of essential information contained in the complaint filed in the action. Thus, since all of the information contained in the notice of lis pendens directly relates to the action, this requirement of the privilege is met. See LaPorta v. Leonard, 88 N.J.L. 663 (E. & A. 1915).
The more difficult question in this case is whether or not the filing of a notice of lis pendens is part of a judicial proceeding. *496 One aspect of this requirement of the privilege contains a time element: that is, the statement must be made while an action is pending. Devlin v. Greiner, 147 N.J. Super. 446, 456-461 (Law Div. 1977). The notice of lis pendens was filed in this matter after the suit was initiated, as indeed it must, since our lis pendens statute only permits the filing of the notice after the complaint is filed. N.J.S.A. 2A:15-6. The substance of defendant's argument on this point is that the filing of a notice of lis pendens is not a required part of a judicial proceeding since it is merely a means of permitting a litigant to provide notice to potential purchasers of the existence of a claim to real property.
Defendant is correct in stating that the filing of a notice of lis pendens acts as constructive notice to all the world of the pendency of an action involving real property and that a purchaser of that property takes subject to the outcome of the litigation. N.J.S.A. 2A:15-7. Under the common law doctrine of lis pendens, the filing of the lawsuit itself served as constructive notice. 2 Lawrence, Equity Jurisprudence, § 716 at 799-801 (1929); Kocher, Pleading and Practice in the Court of Chancery of New Jersey, C. XIX at 334-335 (1913). The lis pendens statute changed the harsh common law doctrine by requiring that a notice be filed in order for there to be constructive knowledge and a subordination of any purchaser's rights to plaintiff's. Lawrence, supra, § 717, at 801; Kocher, supra at 335. Defendant is, however, erroneous in stating that the purpose of the lis pendens statute is to provide notice. The doctrine of lis pendens is an application of the maxim, "pendente lite nihil innovatur." Kocher, supra at 335.
The principle [of lis pendens] has been regarded as not essentially one of constructive notice, but of policy, the necessity for preserving the subject matter of the litigation, the feeling that otherwise litigation would never come to an end, that it would be at the pleasure of one party to determine when the litigation would end, that all suits might be rendered abortive by successive alienation of property, that litigants should not be permitted to affect rights in dipute [sic] while the controversy was pending, and that the court is entitled to *497 proceed to the final exercise of jurisdiction without hindrance from parties. [Lawrence, supra, § 716 at 800; see Kocher, supra at 335]
In light of the above, it is clear that while the notice of lis pendens is a means of providing notice of the pendency of a suit, the notice of lis pendens exists for public policy reasons necessary for the proper administration of justice. If the reason above was not sufficient to indicate that the notice is part of a judicial proceeding, it must also be remembered that the notice is filed pursuant to express statutory authority, and that the notice has no existence apart from a judicial proceeding since an action must be pending for the notice to be filed. N.J.S.A. 2A:15-6. For these reasons, the notice of lis pendens is part of a judicial proceeding and the absolute privilege applies.
The courts of other jurisdictions have reached the same conclusion. E.g., Zamarello v. Yale, 514 P.2d 228 (Alaska Sup.Ct. 1973); Kelly v. Perry, 111 Ariz. 382, 531 P.2d 139 (Sup.Ct. 1975); Stewart v. Fahey, 14 Ariz. App. 149, 481 P.2d 519 (App.Ct. 1971); Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 405 (Sup.Ct. 1956); Houska v. Frederick, 447 S.W.2d 514 (Mo.Sup.Ct. 1969); Hauptman v. Edwards, Inc., 170 Mont. 310, 553 P.2d 975 (1976); Louis v. Blalock, 543 S.W.2d 715 (Tex. Ct. App. 1976); Kropp v. Prather, 526 S.W.2d 283 (Tex. Ct. App. 1975); Hansen v. Kohler, Utah, 550 P.2d 186 (Sup.Ct. 1976). But see Merrimaker Corp. v. Schwartz, 60 A.D.2d 833, 401 N.Y.S.2d 221 (App.Div. 1978).
Defendant presents one last argument against the application of the absolute privilege to the situation at hand. Defendant argues that the cloak of an absolute privilege will result in the filing of notice of lis pendens with impunity and utter disregard for the severe harm which can result. To this all that can be said is that the law does offer some protection to a property owner from the baseless filing of a notice of lis pendens through the application of such procedural devices as a motion to dismiss, R. 4:6-2, or a motion for summary judgment, R. 4:46, to the action itself. See O'Boyle v. Fairway Products, 169 N.J. Super. *498 165 (App.Div. 1979); Polk v. Schwartz, 166 N.J. Super. 292 (App. Div. 1979). And while I make no ruling on this point since the question is not before me, there is authority to indicate that while one may not be able to recover damages for the filing of a notice of lis pendens in a slander of title action, he may be able to recover the same in an action for malicious prosecution if the elements of that tort are satisfied. Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 406 (Sup.Ct. 1956); Houska v. Frederick, 447 S.W.2d 514 (Mo.Sup.Ct. 1969).
The motion of plaintiff to dismiss the counterclaim for slander of title is granted.