VAN GRAAFEILAND, Circuit Judge:
 

 This is an appeal from a summary judgment in favor of the defendant in an action brought in the United States District Court for the Southern District of New York and from an order denying plaintiff’s motion for reconsideration. The parties’ differences stem from a somewhat complicated transaction involving real property in the State of New Jersey.
 

 On July 7, 1971, United Berkeley Enterprises Corporation (United) conveyed a large tract of undeveloped land located in Ocean County, New Jersey to Bay Point Corporation (Bay Point) in exchange for a promissory note and purchase money mortgage in the amount of $4,050,000. The face amount of the mortgage was to be reduced by amounts equal to payments made by Bay Point on prior mortgages and real estate taxes and its expenses in clearing title. In addition, in the event that United could not convey a marketable title to any portion of the land, the mortgage was to be reduced by the “fair price” of that portion. If a “fair price” could not be agreed upon, it would be determined by the majority vote of three appraisers, one to be appointed by each party and the third by the two appointees.
 

 United assigned its mortgage to Republic National Bank (defendant). Defendant agreed, however, to subordinate the mortgage to a new mortgage to be created in the amount of $3,300,000. Bay Point granted the new mortgage to Fidelity Mortgage Investors (Fidelity) on July 30, 1971.
 

 In January 1973, Bay Point requested Fidelity and defendant to release certain lots from the liens of their mortgages so that the lots could be sold. Defendant was required under its mortgage to release any lots that Fidelity released, provided that Bay Point paid Fidelity $2,200 per lot, or such greater amount as Fidelity required. Fidelity was not paid, releases were not forthcoming, and the sale fell through.
 

 On April 30, 1973, Bay Point sued defendant in the United States District Court for the District of New Jersey, alleging, among other things, that defendant had acted in bad faith in refusing to release its lien on the lots. Because defendant is a national bank with its principal office in New York,
 
 see
 
 12 U.S.C. § 94, the case was transferred to the Southern District of New York. Two years later, the action was dismissed with prejudice for failure to give discovery and failure to prosecute. This Court modified the dismissal so as to make it without prejudice.
 
 Bay Point Corp. v. Republic National Bank,
 
 No. 75-7330 (2d Cir. Dec. 18, 1975).
 

 
 *827
 
 In the meantime, the brokerage firm, which had been given a $450,000 subordinated mortgage in payment of its fees, began foreclosure proceedings in New Jersey state court. These proceedings were stayed in 1975 when an involuntary petition in bankruptcy was filed against Bay Point. The petition was approved and a trustee appointed on November 26, 1976.
 

 On January 31, 1977, the trustee brought the instant action in the Southern District of New York, and on January 27 a near-identical suit was started in the District of New Jersey. The complaints alleged, as in the 1973 action, that defendant acted in bad faith in not releasing the lots, in not appointing an appraiser, and generally in refusing to cooperate with Bay Point in connection with the mortgage. The trustee sought a determination of the amount, if any, Bay Point owed defendant (first count), an order compelling defendant to release certain lots upon payment to Fidelity of $2,200 per lot (second count), damages (third count), a declaration that certain after-acquired lots were not covered by the mortgage (fourth count), and that the mortgage was invalid (fifth count). The New Jersey action was referred to the bankruptcy judge, who transferred all of Bay Point’s claims for damages, especially as set forth in the third count of its complaint, to the Southern District of New York. The in rem claims which involved the validity of defendant’s mortgage were left in the District of New Jersey.
 

 While the New York eases were pending in the Southern District, the Chapter X reorganization was proceeding in New Jersey. In January 1978 the property was sold to Fidelity, free of all liens and encumbrances, for $100,000. On March 18, 1980 the bankruptcy judge ruled that the judgment authorizing this sale made moot Bay Point’s in rem claims in the New Jersey action. He refused to set the in rem issues for trial, without prejudice to a renewed application for such disposition if Judge Motley, to whom the New York actions has been assigned, felt that a New Jersey trial was necessary. Plaintiff contends that Judge Motley should not have granted summary judgment until the in rem determination of the mortgage’s invalidity had been made. We disagree.
 

 The New York complaints, while not models of legal draftsmanship, may possibly be construed to seek recovery on two alternate theories. The first is that defendant failed to comply with the terms of a valid existing mortgage. The second is that defendant wrongfully claimed a lien under a mortgage that had been fully paid. Judge Motley found no merit in either contention.
 

 The first contention is based upon defendant’s failure to comply with Bay Point’s requests to release certain lots from the lien of defendant’s mortgage and to appoint an appraiser to assist in determining the “fair price” of unmarketable portions of the mortgaged property. The terms of the mortgage precluded Bay Point from demanding the release of liens so long as Bay Point itself was in default under the mortgage, and Judge Motley found correctly that Bay Point’s failure to pay real estate taxes for 1972, 1973, and 1974 constituted a default under the terms of the mortgage.
 

 The mortgage also provided that, if either Bay Point or defendant did not appoint an appraiser, the single appraiser who was appointed could appoint a second, and “these two shall determine the price.” That procedure was actually followed by Bay Point in this case. The district court did not err in holding that plaintiff could not recover in damages because the second appraiser was selected by Bay Point’s appointee rather than by defendant.
 

 With regard to plaintiff’s alternate theory, Judge Motley held that, even if the mortgage were found now to have been fully paid and therefore invalid as a lien, plaintiff could not recover in damages because of defendant’s failure to admit that invalidity when the release or discharge of liens was being sought. This portion of plaintiff’s claim must be construed as one for slander of title, i. e., a “false and malicious statement, oral or written, made in disparagement of a person’s title to real or personal property, or some property right of
 
 *828
 
 his.”
 
 Landstrom v. Thorpe,
 
 189 F.2d 46, 51 (8th Cir.) (quoting
 
 American and English Encyclopedia of Law), cert. denied,
 
 342 U.S. 819, 72 S.Ct. 37, 96 L.Ed. 620 (1951);
 
 Black’s Law Dictionary
 
 1559 (4th ed. 1968);
 
 see Coastal Club v. Shell Oil Co.,
 
 45 F.Supp. 859, 863 (W.D.La.1942).
 

 In order to establish an action for slander of title, plaintiff must show that there has been a malicious publication of false allegations concerning the title to his property causing special damages.
 
 Wendy’s of South Jersey, Inc. v. Blanchard Management Corp.,
 
 170 N.J.Super. 491, 493, 406 A.2d 1337, 1338 (Ch.Div.1979);
 
 Frega v. Northern New Jersey Mortgage Association,
 
 51 N.J.Super. 331, 337-41, 143 A.2d 885, 889 (App.Div.1958);
 
 Bogosian v. First National Bank,
 
 133 N.J.Eq. 404, 406, 32 A.2d 585, 586 (Ch.Div.1943). Malice or bad faith is the “gist of the action” for slander of title.
 
 Andrew v. Deshler,
 
 45 N.J.L. 167, 170 (N.J.1883). A defendant who asserts a claim against property in good faith “under an honest impression of its truth” will not be penalized in damages.
 
 Rogers Carl Corp. v. Moran,
 
 103 N.J.Super. 163, 168, 246 A.2d 750, 753 (App.Div.1968).
 

 Plaintiff alleges that defendant knew that its lien was invalid and in bad faith refused to release it. However, when a motion for summary judgment is made and supported, as it was in this case, the opposing party may not rest upon mere conclusory allegations or denials.
 
 SEC v. Research Automation Corp.,
 
 585 F.2d 31, 33 (2d Cir. 1978). A plaintiff does not become entitled to a jury trial simply by asserting a cause of action in which the defendant’s state of mind is a material element.
 
 Hahn v. Sargent,
 
 523 F.2d 461, 468 (1st Cir. 1975),
 
 cert. denied,
 
 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54 (1976). Some facts must be asserted to support the claim that the state of mind existed.
 
 Housand v. Heiman,
 
 594 F.2d 923, 925 (2d Cir. 1979);
 
 Herrmann v. Moore,
 
 576 F.2d 453, 458 (2d Cir.),
 
 cert. denied,
 
 439 U.S. 1003, 99 S.Ct. 613, 58 L.Ed.2d 679 (1978);
 
 see Yiamouyiannis v. Consumers Union of the United States, Inc.,
 
 619 F.2d 932, 939-42 (2d Cir.),
 
 cert. denied,
 
 449 U.S. 839, 101 S.Ct. 117, 66 L.Ed.2d 46 (1980).
 

 Judge Motley found that “[pjlaintiff has failed to set forth any specific facts indicating any acts of bad faith on the part of defendant . . . . ” Our reading of the record impels us to agree. One of the functions of summary judgment is the “avoidance of long and expensive litigation productive of nothing. ...”
 
 Washington Post Co. v. Keogh,
 
 365 F.2d 965, 968 (D.C.Cir.1966), ce
 
 rt. denied,
 
 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967). Eight years of litigation by or on behalf of Bay Point have produced that — nothing. In the absence of any showing of bad faith or malice on the part of defendant, there is no reason to keep the litigation alive in the hope that plaintiff could prove that Bay Point’s mortgage has been satisfied. The property has been sold free and clear of the mortgage lien. There let the matter end.
 

 Judgment and order affirmed.