**Arnold VIA**

v.

**CITY OF RICHMOND.**

**Civ. A. No. 81–0816–R.**

United States District Court, E. D. Virginia, Richmond Division.

July 15, 1982.

---

Cary B. Bowen, Robert P. Geary, Richmond, Va., for plaintiff.

James R. Saul, Asst. City Atty., Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

This action was filed under 42 U.S.C. § 1983 for alleged violation of plaintiff's free right to exercise his religion under the First Amendment to the Constitution. Presently, the Court has before it defendant's motion for summary judgment.

The defendant City of Richmond, Virginia, operates a public library with its main location on Franklin Street and branch libraries in various other locations. Plaintiff, Arnold Via, is the Director of the Virginia Chapter of American Atheists. American Atheists, also known as the Society of Separationists, publish a monthly magazine entitled *The American Atheist.* In the fall of 1980, the plaintiff visited the main office of the Richmond Public Library and met with William S. Simpson, Jr., Senior Librarian in the Literature and History Department. Plaintiff brought to this meeting the February 1980 issue of *The American Atheist* magazine and offered a gift subscription of the magazine to the Richmond Public Library. By letter dated 24 November 1980, Mr. Simpson informed the plaintiff that the Richmond Public Library would not accept the gift subscription to *The American Atheist* magazine. By letter dated 15 May 1981, the plaintiff again offered the Library a gift subscription to *The American Atheist* magazine and requested that the magazine be placed with other periodicals in the library. By letter dated 28 May 1981, Howard M. Smith, City Librarian, advised the plaintiff that the gift subscription to the magazine would not be accepted. This action was filed on 3 September 1981 within the applicable statutory period of limitations. The plaintiff alleges that in refusing to accept and display his gift subscription the defendant violated plaintiff's rights under the First Amendment to the United States Constitution regarding the free exercise of religion.

On 22 September 1981, the defendant filed a motion to dismiss the action. In an order entered on 16 October 1981, the Court denied the defendant's motion to dismiss. On 23 April 1982, the defendant filed a

motion for summary judgment with supporting affidavits explaining the Library's decision. On 17 June 1982, the Court convened to hear arguments on defendant's motion for summary judgment.

Recognizing he had filed no counter-affidavits the plaintiff asked the Court for leave to file an expert's opposing affidavit. The Court directed the plaintiff to file an affidavit explaining why the expert's affidavit had not been timely presented to the Court. Fed.R.Civ.P. 56(f). The plaintiff filed the Rule 56(f) affidavit on 17 June 1982. On 18 June 1982 the Court conditionally approved the procedure outlined from the bench on 17 June 1982 which set forth a schedule for the deposition of plaintiff's expert, Eustice Mullins, with the deposition to serve as a counter-affidavit to defendant's affidavits supporting defendant's motion for summary judgment. The Order was conditioned on proof of the allegation of Paragraph 2 of plaintiff's counsel's affidavit filed on 17 June 1982 which stated that "it was not possible for counsel to meet with [plaintiff's expert witness] until June 7, 1982." In the Order entered on 18 June 1982 the Court stated:

> The sufficiency of counsel's affidavit will, however, again be reviewed by the Court if it appear from responses to questions at the taking of Mr. Mullins' deposition that the period during which "it was not possible for counsel to meet with [Mr. Mullins]" commenced only shortly before 7 June rather than at or about the time of the filing of affidavits to which Mr. Mullins' depositions are intended to serve as counter-affidavit.

The plaintiff's expert, Eustice Mullins, was deposed on 21 June 1982. The deposition was filed on 24 June 1982. The defendant's motion for summary judgment is now ripe for decision.

The question presented by defendant's motion for summary judgment is whether there is a "genuine issue as to any material fact" in the case. Fed.R.Civ.P. 56(c). The Court concludes that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

■ The Court rules that the deposition of plaintiff's expert creates no genuine issue of fact on three alternative grounds. First, in accordance with the terms set forth in the Court's Order entered on 18 June 1982, the Court concludes that the deposition of Mr. Mullins is not admissible because the plaintiff has not shown that it was "impossible" for the plaintiff to take Mr. Mullins' deposition or affidavit for a timely response to the motion for summary judgment as required by Local Rules. Second, if the deposition were admissible, the plaintiff has not established that Mr. Mullins is an expert capable of rendering an opinion on the relative quality of periodicals and the interests of local readers. Fed.R. Evid. 702. Third, if the deposition were admissible and Mr. Mullins be qualified as an expert, the testimony is inadmissible because Mr. Mullins did not adequately investigate the subject matter on which he expressed an opinion.

■ Rule 56(e) of the Federal Rules of Civil Procedure provides that a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleadings." The Rule's requirement is that the opposing party "must set forth specific facts showing there is a genuine issue for trial." *Id.* In this action, the plaintiff has not come forward with any evidence to suggest that at trial the plaintiff will be able to dispute the librarians' explanation for the Library's decision. The librarian stated under oath that the publication was of low quality, that there was little or no indication of interest by the reading public, and that the subject matter was dealt with by better quality publications and books. The plaintiff's case places the librarian's state of mind in issue, yet there is a complete absence of any evidence to support plaintiff's claim that the reason plaintiff's gift subscription offer was refused was because the Library did not want to display a magazine espousing the cause of atheism.

The Court is aware that some cases hold that when state of mind is an issue, as it

clearly is in the present case, summary judgment is improper because the party opposing the motion for summary judgment should have the opportunity to cross-examine witnesses on the stand to test their credibility. *Mazaleski v. Treusdell*, 562 F.2d 701, 717 (D.C.Cir.1977). Other cases hold that even though state of mind is an issue, once one party moves for summary judgment and supports the motion for summary judgment with appropriate affidavits or other proofs, the opposing party must produce *some* evidence to suggest that at trial the opposing party can dispute the other party's claim. *See Carroll v. United Steelworkers of America*, 498 F.Supp. 976, 978 (D.Md.1980), *aff'd*, 639 F.2d 778 (4th Cir. 1980).

Although a party opposing a motion for summary judgment is entitled to all favorable inferences to be drawn from the evidence, such inferences must be based on facts; mere hopes or suspicions are not enough. *Id. See Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir. 1975) (even where state of mind is an issue, plaintiff must provide "some indication that he can produce the requisite quantum of evidence to enable him to reach the jury with his claim").

Courts should be particularly circumspect when considering summary judgment in a case where state of mind is at issue, but state of mind issues do not create an exception to Rule 56 of the Federal Rules of Civil Procedure. *Morrison v. Nissan Co.*, 601 F.2d 139, 141 (4th Cir. 1979). *Accord, White v. Hearst Corp.*, 669 F.2d 14, 17 (1st Cir. 1982). Rule 56 permits summary judgment in any case depending on the circumstances of the particular case. Where there is no probative evidence on material facts creating a genuine issue, summary judgment is proper no matter what the issue. *Markowitz v. Republic National Bank*, 651 F.2d 825, 828 (2d Cir. 1981). The Court concludes, then, that in appropriate circumstances even though state of mind is at issue, a summary judgment may be proper.

Further, even if a policy be adopted of not granting summary judgment when state of mind is at issue, that policy must be weighed against the policy of protecting public officials from the harassment of frivolous lawsuits. In such a case, a court may properly weigh counter-affidavits and grant summary judgment. *Maiorana v. MacDonald*, 596 F.2d 1072, 1077 (1st Cir. 1979).[1] The Court finds that librarians of the Richmond Public Library, as public officials, are entitled to be protected from harassment by a lawsuit where the plaintiff, despite ample opportunity, is unable to come forward with any probative evidence to support his claim.[2]

For the reasons stated, the defendant's Motion for Summary Judgment will be GRANTED.

1. Cf. *Harlow v. Fitzgerald*, —— U.S. ——, ——, 102 S.Ct. 2727, 2729, 73 L.Ed.2d 396, (1982), *quoting Butz v. Economou*, 438 U.S. 478, 508, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978) ("[D]amages suits [against public officials] concerning constitutional violations need not proceed to trial, but can be terminated on a properly supported motion for summary judgment based on the defense of immunity .... In responding to such a motion, plaintiffs may not play dog in the manger; and firm application of the Federal Rules of Civil Procedure will ensure that federal officials are not harassed by frivolous lawsuits"). The Supreme Court's admonishment for "firm application" of summary procedures in appropri-

ate good faith qualified immunity cases, where state of mind is the central issue, further convinces this Court that summary judgment may be proper even though state of mind is at issue.

2. *Cf. Butz v. Economou*, 438 U.S. 478, 501, 98 S.Ct. 2894, 2908, 57 L.Ed.2d 895 (1978) ("Surely, *federal* officials should enjoy no greater zone of protection when they violate *federal* constitutional rules than do *state* officers") (emphasis original). The law's concern that public officials be protected from the harassment of frivolous lawsuits includes concern for State and local officials, and librarians, as well as federal officials.