873 F.2d 50
 Manfred DEMENUS and Theodore Van Arthos, Appellants,
v.
TINTON 35 INC., Tinton 60 Inc., Homes For Today, Inc.,
Harvey I. Marcus, Jacques Rotnemer and Group
Construction Co. of Ocean Township Inc.,
Spyco Inc., Appellees.
 Nos. 88-5835, 88-5931.
 United States Court of Appeals,
Third Circuit.
 Argued April 3, 1989.
Decided April 25, 1989.
 
 Alan M. Lebensfeld (argued) and Robert M. Tils Cooperman Levitt & Winikoff, P.C., New York City, and Alice B. Newman, New Brunswick, N.J., for appellants.
 Anthony P. La Rocco (argued), Michael D. Loprete, and Mark S. Sidoti, Crummy, DelDeo, Dolan, Griffinger & Vecchione, Newark, N.J., for appellee, Spyco, Inc.
 Christopher J. Hanlon, Gross & Hanlon, P.C., Freehold, N.J., for appellee, Jacques Rotnmer.
 Before GIBBONS, Chief Judge, and BECKER and NYGAARD, Circuit Judges.
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 This opinion addresses the question whether we have appellate jurisdiction over an appeal from a district court's interlocutory order discharging a notice of lis pendens under the New Jersey lis pendens statute. We hold that we do not.
 
 I.
 
 2
 Plaintiff-appellants Manfred Demenus and Theodore Van Arthos brought suit in the district court for the District of New Jersey against their former real estate investment co-venturers, defendants Herbert Sylvester, Colette Speyer, and Spyco, Inc., alleging that defendants owed a duty to share with them future opportunities to participate in real estate investments.[1] Demenus and Van Arthos have further alleged that the defendants breached this duty by purchasing three New Jersey properties (subsequently sold to third parties in return for reconveyance mortgages) without informing them of the investment opportunity. The relief sought by Demenus and Van Arthos includes the creation of a constructive trust giving them partial ownership of these three properties, money damages and injunctive relief. Demenus and Van Arthos have appealed from the district court's interlocutory order discharging a notice of lis pendens that they had placed on the reconveyance mortgages.
 
 
 3
 In New Jersey, a plaintiff who seeks to affect the title to real estate or a lien thereon may file a notice of lis pendens with the title registrar. N.J.S.A. Sec. 2A:15-6 (West 1987). The filing acts as constructive notice to any would-be purchaser of the property such that the purchaser takes the property subject to the outcome of the litigation. N.J.S.A. Sec. 2A:15-7 (West 1987); Wendy's of South Jersey, Inc. v. Blanchard Management Corp., 170 N.J.Super. 491, 496, 406 A.2d 1337, 1339 (Ch.Div.1979). After a party files a notice of lis pendens, one who has interest in property subject to the notice may (with an exception not relevant here) move "for a determination as to whether there is a probability that final judgment will be entered in favor of the plaintiff sufficient to justify the filing or continuation of the notice of lis pendens." N.J.S.A. Sec. 2A:15-7(b).
 
 
 4
 Relying upon the leading New Jersey case construing section 2A:15-7(b), the district court held that in deciding whether a notice of lis pendens should be discharged, it must " 'weigh the strengths of plaintiffs' case against the detriment imposed on defendant' " by reason of the filing of the notice of lis pendens. Dist.Ct.Op. at 4 (Oct. 31, 1988) (quoting Fravega v. Security Savings & Loan Association, 192 N.J.Super. 213, 219, 469 A.2d 531, 534 (Ch.Div.1983)). In this appeal, plaintiff-appellants contend that the district court erred in holding that they failed to demonstrate probable success on the merits of their claim that, through the imposition of a constructive trust, they were part owners of the properties that defendants had purchased in contravention of a duty to share the purchase opportunity with them. The threshold issue, however, is whether we have appellate jurisdiction over the district court's order discharging the notice of lis pendens.
 
 II.
 A.
 
 5
 Title 28 U.S.C. Sec. 1291 (1982) provides that courts of appeals may review only "final" decisions of the district court. A party generally may not take an appeal under Sec. 1291 until there has been a decision by the district court that " 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Van Cauwenberghe v. Biard, --- U.S. ----, 108 S.Ct. 1945, 1949, 100 L.Ed.2d 517 (1988) (citation omitted).
 
 
 6
 Because the district court's order is clearly not the final one in this litigation (the constructive trust, injunctive and money claims remain outstanding), appellants rely on the collateral order exception to the finality requirement. An order is appealable under the collateral order doctrine only if it "satisf[ies] each of three conditions: it must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.' " Id. (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)).
 
 
 7
 The Supreme Court in Van Cauwenberghe elaborated on the methodology for determining whether an interlocutory order meets the "separate from the merits" requirement of the collateral order doctrine. Van Cauwenberghe held that an order denying a motion to dismiss on forum non conveniens grounds was not a collateral order because "the question of the convenience of the forum is not 'completely separate from the merits of the action.' " Id. 108 S.Ct. at 1952 (quoting Coopers & Lybrand, 437 U.S. at 468, 98 S.Ct. at 2457). The Court examined the issues that arise in forum non conveniens determinations and held that these issues "will substantially overlap factual and legal issues of the underlying dispute, making such determinations unsuited for immediate appeal as of right under Sec. 1291." Id. 108 S.Ct. at 1953. The Court noted, for example, that since the issues that arise in a forum non conveniens suit include the relative ease of access to sources of proof and the availability of witnesses, the district court "must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action and to any potential defenses to the action," inquiries which tend to "thrust the court into the merits of the underlying dispute." Id.
 
 
 8
 Applying this methodology to the appeal before us readily leads to the conclusion that we do not have appellate jurisdiction under 28 U.S.C. Sec. 1291. Because N.J.S.A. Sec. 2A:15-7(b) requires the district court to determine the "probability that final judgment will be entered in favor of the plaintiff" in ruling on a motion to discharge a notice of lis pendens, we are indeed "thrust ... into the merits of the underlying dispute" when we review a district court order ruling on such a motion. The present case is a paradigm. The central ground upon which appellants have urged us to reverse the district court's discharge of the lis pendens is that they had established to a sufficient probability that defendants owed them a duty to share real estate investment opportunities and that the law thereby imposed a constructive trust upon property the defendants acquired in breach of that duty. Far from being "completely separate from the merits" of their underlying action, the ground for reversal asserted on appeal is identical to several of the claims stated in the plaintiffs' complaint. This conclusion is underscored by counsels' representations at oral argument that the district court has held further hearings on the constructive trust issue and has stated from the bench that it will issue an injunction in plaintiffs' favor on this theory.
 
 
 9
 Van Cauwenberghe 's analysis of the "completely separate from the merits" condition of the collateral order exception is consistent with the analysis of this condition in Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), and Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985). Flanagan held that pretrial orders disqualifying counsel in criminal cases are not immediately appealable under 28 U.S.C. Sec. 1291; Koller held such orders in civil cases not immediately appealable under 28 U.S.C. Sec. 1291. Koller reasoned that because many orders disqualifying counsel are inseparable from the merits, none of them should be appealable. 472 U.S. at 439, 105 S.Ct. at 2765. As examples of disqualification orders inseparable from the merits, the Court noted that "[o]rders disqualifying attorneys on the ground that they should testify at trial ... involve an assessment of the likely course of the trial and the effect of the attorney's testimony on the judgment" and that "[a]ppellate review of orders disqualifying counsel for misconduct may ... hinge[ ] on whether the alleged misconduct is 'likely to infect future proceedings,' [thus requiring] courts of appeals ... to review the nature and content of those proceedings to determine whether the standard is met." Id. (citation omitted). The broad view of the separate from the merits condition in Flanagan and Koller supports our conclusion that we do not have appellate jurisdiction in this case.
 
 
 10
 This conclusion is also consistent with the observation that this court has "consistently construed the [collateral order doctrine] narrowly rather than expansively [in order to] further the long-standing Congressional policy against piecemeal appeals which underlies the final judgment rule." Lusardi v. Xerox Corp., 747 F.2d 174, 176-77 (3d Cir.1984). See also Prisco v. United States Department of Justice, 851 F.2d 93, 96 (3d Cir.1988) (emphasizing that "piecemeal interlocutory review of discrete issues in a case which ... will be ongoing" begets "systematic harms"). We have repeatedly held orders not appealable under the collateral order doctrine because they were not completely separate from the merits of the case. See, e.g., Sperling v. Hoffman-La Roche Inc., 862 F.2d 439, 442 (3d Cir.1988) (order declining to invalidate consents to join class action held not a collateral order because not separate from the merits), cert. granted, --- U.S. ----, 109 S.Ct. 1526, 103 L.Ed.2d 832 (1989); Delta Traffic Service, Inc. v. Occidental Chemical Corp., 846 F.2d 911, 914 (3d Cir.1988) (order denying a motion to stay or to refer issues to Interstate Commerce Commission held not a collateral order because not separate from the merits); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1117 (3d Cir.1986) (refusal to bar publication of discovery documents which allegedly presented an unfair picture of the defendant held not a collateral order because not separate from the merits); New York v. United States Metals Refining Co., 771 F.2d 796, 800 (3d Cir.1985) (protective order temporarily prohibiting release and requiring confidentiality of discovered documents which party claimed were one-sided and prejudicially unfair held not a collateral order because not separate from the merits); Smith-Bey v. Petsock, 741 F.2d 22, 24-25 (3d Cir.1984) (order denying an indigent counsel held not a collateral order because not separate from the merits).
 
 B.
 
 11
 The cases upon which appellants rely to support their contention that we have jurisdiction in this case provide them no such support. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), did extend jurisdiction to an appeal from an interlocutory order of the district court declining to grant pendente lite security to the defendants, but the district court's decision not to order security in that case did not hinge on which party was likely to prevail on the merits. The central issue raised by the Cohen appeal--whether a federal court exercising its diversity jurisdiction must apply a forum state's statute requiring plaintiffs to post a bond in a shareholder derivative action--was wholly collateral to the merits of the action.
 
 
 12
 Appellants' reliance on Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950), is similarly misplaced. Citing Cohen, the Court in Swift & Co. assumed jurisdiction over the court of appeals' affirmance of a district court order dissolving a writ of attachment in admiralty on the grounds of forum non conveniens and want of admiralty jurisdiction. To the extent that Swift & Co. held that a forum non conveniens order was appealable under the collateral order rule, it has been overruled by Van Cauwenberghe. See 108 S.Ct. at 1952-54. And the jurisdictional issue discussed at length in Swift & Co.--whether a claim of fraud in the transfer of a vessel falls outside the bounds of admiralty jurisdiction--was an issue wholly collateral to the merits of the action.
 
 
 13
 Nor does Chrysler Corp. v. Fedders Corp., 670 F.2d 1316 (3d Cir.1982), provide authority for jurisdiction over the instant appeal. The district court in that case had struck down the New Jersey lis pendens statute as unconstitutional. We held that the appeal fell within the collateral order rule because "the district court conclusively determined the issue of the constitutionality of the lis pendens provision [and] that issue is separate from the merits of the action in this case." 670 F.2d at 1318 n. 2. Unlike Chrysler Corp., the instant appeal does not involve an issue separate from the merits of the action.
 
 
 14
 Appellants fail to cite what is potentially their best case, Britton v. Howard Savings Bank, 727 F.2d 315 (3d Cir.1984). In Britton we assumed jurisdiction over an order denying a motion to vacate a stay of proceedings so as to permit the appellant to move for a writ of attachment. The court held that a "claim for security pendente lite is separate [from the merits of the underlying action] because it simply will not survive the litigation." 727 F.2d at 321. However, in relying upon the second "separate from the merits" condition to hold an order denying a motion to dismiss on forum non conveniens grounds not a collateral order, Van Cauwenberghe makes clear that Britton 's reasoning is no longer viable, as a forum non conveniens claim also fails to survive the mooting effect of the actual litigation of the suit in the putative inconvenient forum.[2]
 
 III.
 
 15
 For the foregoing reasons, we conclude that we have no jurisdiction over this appeal, as it is an appeal from a nonfinal order that is not completely separate from the merits of the action. The appeal will be dismissed for want of appellate jurisdiction.
 
 
 
 [1]
 The district court had jurisdiction due to diversity of citizenship. See 28 U.S.C. Sec. 1332 (1982)
 
 
 [2]
 The Supreme Court's post-Britton decisions in Flanagan, 465 U.S. 259, 104 S.Ct. 1051, and Koller, 472 U.S. 424, 105 S.Ct. at 2757, and the post-Britton third circuit cases cited supra at 53 emphasizing that a collateral order must be completely separate from the merits also undermine Britton 's authority. For example, Judge Maris, in his opinion for the court in Smith-Bey, 741 F.2d 22, held that an order denying an indigent counsel was not a collateral order because the district court had to consider the merits of the indigent's claim in order to determine whether he was likely to be prejudiced by lack of counsel. In light of Flanagan, Judge Maris rejected the contention advanced in the dissenting opinion that Britton established the proposition that "a tentative review of probability of success [on the merits]" was completely separate from the merits. Smith-Bey, 741 F.2d at 26 (dissenting opinion)