64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
255 PARK PLAZA ASSOCIATES LIMITED PARTNERSHIP, a Michigan
Limited Partnership, Plaintiff-Appellant,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-1603.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1995.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 94-70669; Anna Diggs Taylor, District Judge.
 E.D.Mich.
 DISMISSED.
 Before: MILBURN, GUY, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff 255 Park Plaza Associates Limited Partnership appeals the district court's order striking its notice of lis pendens and affidavit of title defect, which plaintiff recorded during the pendency of its appeal of the bankruptcy court's decision rejecting plaintiff's proposed reorganization plan and approving the plan of defendant Connecticut General Life Insurance Company. On appeal, the issues are (1) whether this court has jurisdiction to consider plaintiff's appeal, and (2) whether the district court erred in striking plaintiff's notice of lis pendens and affidavit of title defect in light of the fact that proper state procedures were not followed. Upon examination of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a); Rule 9(a), Rules of the Sixth Circuit. We dismiss for lack of jurisdiction.
 
 I.
 
 2
 Plaintiff 255 Park Plaza Associates Limited Partnership is a single asset real estate limited partnership that owned an office building known as 255 Park Plaza, located at 255 South Woodward Avenue, in Birmingham, Michigan. Since 1992, plaintiff has been in default on its mortgage loan from defendant Connecticut General Life Insurance Company. The loan between the two parties was evidenced by a promissory note dated May 25, 1989 in the principal amount of $8 million. The note was secured by a mortgage and security agreement dated May 25, 1989 and by an assignment of rents and leases executed by plaintiff and delivered to defendant. In addition to the valid first mortgage lien on the property, defendant held a perfected first security interest in the related assets, including all rents, security deposits, profits, leases, cash, and proceeds generated from operation of the building. The Park Plaza property was also encumbered by a second mortgage lien in the amount of $1.5 million held by First of America Bank.
 
 
 3
 On March 8, 1993, plaintiff commenced an action for reorganization by filing a voluntary petition for relief pursuant to the United States Bankruptcy Code, 11 U.S.C. Sec. 301. At the time of the filing, plaintiff was indebted to defendant in the amount of $8,161,339.17, together with interest and expenses. On December 8, 1993, the bankruptcy court held a confirmation hearing on defendant's first amended plan of reorganization, as well as plaintiff's second amended plan. At the hearing, the bankruptcy court denied confirmation of plaintiff's plan, which proposed reorganizing the limited partnership so that all debts could be paid in full. However, the bankruptcy court confirmed defendant's plan, which proposed liquidating plaintiff. An order confirming the plan was entered on February 16, 1994.
 
 
 4
 Subsequently, on February 18, 1994, plaintiff filed its first notice of appeal, challenging the confirmation order as well as a sua sponte order of the bankruptcy court adopting defendant's second amendment to its first amended plan of reorganization. On February 24, 1994, plaintiff filed a second notice of appeal, this time appealing the bankruptcy court's order denying confirmation of plaintiff's reorganization plan.
 
 
 5
 Simultaneous with the filing of the first notice of appeal, plaintiff filed a motion for a stay pending appeal. The bankruptcy court held an emergency hearing on plaintiff's motion on February 24, 1994. The court found that plaintiff was not likely to prevail on the merits of the appeal and denied the motion for a stay. On February 25, 1994, plaintiff filed a motion for a stay pending appeal with the district court. After conducting a hearing on March 7, 1994, the district court also denied plaintiff's motion.
 
 
 6
 On March 31, 1994, after plaintiff's motions for a stay had been denied by the bankruptcy court and the district court, plaintiff recorded a notice of lis pendens and affidavit of title defect with the Oakland County Registrar of Deeds. Notice of the filing was not served on defendant or the district court. Defendant discovered the notice on April 26, 1994, while preparing for an auction sale of the property that was scheduled to take place the next day, pursuant to the confirmed plan of reorganization. At a previously-scheduled hearing before the district court that day, defendant made an oral motion for the court to enter an order removing the notice of lis pendens in order to avoid any adverse effect on the scheduled sale. The district court granted the motion and entered an order discharging and releasing the notice of lis pendens and affidavit of title defect. This interlocutory appeal of the district court's order followed.[1]
 
 II.
 
 7
 Defendant argues that this court lacks jurisdiction to consider plaintiff's appeal because plaintiff is improperly seeking review of an interlocutory order of the district court. Defendant asserts that this court has jurisdiction to consider only appeals resulting from a final decision of the district court : and that the order entered by the district court on April 26, 1994, does not constitute a final determination of the real issue in this case, namely, whether the bankruptcy court erred in confirming defendant's reorganization plan and rejecting plaintiff's plan.
 
 
 8
 The jurisdiction of this court is governed by statute. Under 28 U.S.C. Sec. 1291, the courts of appeals may review "final decisions of the district courts of the United States...."[2] A final decision " 'ends the litigation on its merits and leaves nothing for the court to do but execute the judgment.' " Sun Valley Foods Co. v. Detroit Marine Terminals, Inc. (In re Sun Valley Foods Co.), 801 F.2d 186, 189 (6th Cir.1986); (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)); see Van Cauwenberghe v. Biard, 486 U.S. 517, 521 (1988). "The order sought to be appealed 'must constitute final determination of the rights of the parties to secure the relief they seek in this suit.' " Vause v. Capital Poly-Bag, Inc. (In re Vause ), 886 F.2d 794, 797 (6th Cir.1989) (quoting In re Texas Extrusion Corp., 844 F.2d 1142, 1155 (5th Cir.), cert. denied, 488 U.S. 926 (1988)). In this case, the district court's order discharging plaintiff's notice of lis pendens and affidavit of title defect does not amount to a final determination of the merits of the action nor does it finally resolve the claims of the parties. An appeal of the bankruptcy court's decision to confirm defendant's plan and deny confirmation of plaintiff's plan remains pending in the district court, and the decision to strike plaintiff's notice did nothing to resolve that issue. Thus, the district court's decision to strike plaintiff's notice is not a final decision for purposes of 28 U.S.C. Sec. 1291. See Orange County v. Hongkong and Shanghai Banking Corp., 52 F.3d 821, 823 (9th Cir.1995).
 
 
 9
 Pursuant to 28 U.S.C. Sec. 1292, this court may consider an appeal of an interlocutory order if the appeal either concerns an injunction, 28 U.S.C. Sec. 1292(a), or if the district court certifies that the appeal involves "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of the litigation ...," 28 U.S.C. Sec. 1292(b). In this case, neither party argued that the district court's order was analogous to an order involving an injunction nor did the district court certify that a controlling question of law was involved or that there was an immediate need for an appellate determination of the issue. "[I]n the absence of certification by the district court as to the finality of a partial disposition, any partial disposition will be deemed non-final for the purposes of the exercise of appellate jurisdiction...." Seor, Inc. v. Textron Oil Corp. (In re Frederick Petroleum Corp.), 912 F.2d 850, 853 (6th Cir.1990) (citing Federal Rule of Civil Procedure 54(b)).
 
 
 10
 We have recognized an exception to the rule requiring final judgments by considering a small number of cases that involve collateral orders. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546-47 (1949); Huron Valley Hosp., Inc. v. City of Pontiac, 792 F.2d 563, 566 (6th Cir.), cert. denied, 479 U.S. 885 (1986). In order to be appealable under the collateral order exception, a district court's decision must meet three requirements: (1) it must " 'conclusively determine the disputed question,' " Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431 (1985) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978)); (2) it must " 'resolve an important issue completely separate from the merits of the action,' " id.; and (3) it must " 'be effectively unreviewable on appeal from a final judgment,' " id. See Huron Valley, 792 F.2d at 566.
 
 
 11
 The sale of the property at issue in this case was conducted on April 27, 1994, and title to the property was transferred on May 6, 1994. Therefore, the issue plaintiff raises on appeal, namely, the district court's error in striking its notice of lis pendens and affidavit of title defect, does not meet the requirements for application of the collateral order exception. See Coopers & Lybrand, 437 U.S. at 468. The real prejudice to plaintiff resulted from the district court's denial of a stay pending plaintiff's appeal, not from the district court's discharge of the notice of lis pendens and affidavit of title defect. See Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.), 846 F.2d 1170, 1174 (9th Cir.1988) (stating that compliance with lis pendens statute fails to preserve any rights if debtor does not obtain a stay of sale). Even if the district court did err in striking the notice, the only relief that is beneficial to plaintiff is a reversal of the bankruptcy court's decision to deny confirmation of plaintiff's reorganization plan and grant confirmation of defendant's plan. Such relief is not available in this appeal. Cf. Orange County, 52 F.3d at 824 (holding that an order removing a notice of lis pendens did not constitute a collateral order where the district court was required to review the merits of the action in order to reach a decision and concluding that such a rule "helps protect against repetitive consideration of the same matters by the court of appeals"); Demenus v. Tinton 35 Inc., 873 F.2d 50, 52 (3d Cir.1989). Thus, we conclude that the district court's order striking plaintiff's notice of lis pendens and affidavit of title defect is not properly reviewable as a collateral order.
 
 
 12
 We note that the collateral order doctrine is a narrow exception to the rule requiring final decisions. Huron Valley, 792 F.2d at 566. We adhere to this view in order to avoid "piecemeal review of 'steps towards final judgment ... which ... will merge [in the final decision of the court].' " Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12 n. 13 (1983). (quoting Cohen v. Beneficial Indus. Loan Corp. 337 U.S. 541, 546 (1949)). Moreover, "[a]llowing appeals from interlocutory orders that involve considerations enmeshed in the merits of the dispute would waste judicial resources by requiring repetitive appellate review of substantive questions in the case." Van Cauwenberghe, 486 U.S. at 527-28; see also Praxis Properties, Inc. v. Colonial Savings Bank, 947 F.2d 49, 57 (3d Cir.1991); Anderson v. Duvoisin (In re Southern Indus. Banking Corp.), 70 B.R. 196, 200 (E.D.Tenn.1986).
 
 
 13
 Because the order challenged by plaintiff in this appeal is not final and because no exception applies to make the order immediately appealable, we conclude that our consideration of this issue would be premature and that we lack jurisdiction to entertain this appeal. However, plaintiff is free to renew its claim in an appeal following a final decision by the district court. See Praxis Properties, 947 F.2d at 54 n. 5.
 
 III.
 
 14
 For the reasons stated, this appeal is DISMISSED. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 Plaintiff's appeal of the bankruptcy court's order confirming defendant's proposed reorganization plan and rejecting plaintiff's plan is still pending before the district court
 
 
 [2]
 The courts of appeals also have jurisdiction to hear appeals "from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section [granting district courts authority to hear appeals of certain bankruptcy court orders]." 28 U.S.C. Sec. 158(d). See Rafoth v. National Union Fire Ins. Co. (In re Baker & Getty Fin. Servs., Inc.), 954 F.2d 1169, 1172 (6th Cir.1992) (holding that court of appeals' jurisdiction in actions originating in bankruptcy court is not limited to appeals arising under 28 U.S.C. Sec. 158 and that the court may consider an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b) regardless of the forum in which the action was initiated). However, this authority is not at issue in this case