UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4119

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS L. BROMWELL, SR.; MARY PATRICIA
BROMWELL,

Defendants - Appellants,

and

W. DAVID STOFFREGEN,

Defendant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. J. Frederick Motz, District Judge. (1:05-
cr-00358-JFM)

Argued: December 1, 2006          Decided: March 14, 2007

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Joshua R. Treem, SCHULMAN, TREEM, KAMINKOW, GILDEN &
RAVENELL, P.A., Baltimore, Maryland, for Appellants. Michael
Joseph Leotta, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON**

**BRIEF:** Robert B. Schulman, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant Thomas L. Bromwell, Sr.; Gerard P. Martin, T. Christine Pham, ROSENBERG, MARTIN, FUNK & GREENBERG, L.L.P., Baltimore, Maryland, for Appellant Mary Patricia Bromwell.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas L. Bromwell, Sr., and his wife Mary Patricia Bromwell ("the Bromwells") appeal the district court's grant of a protective order restraining certain property pending their trial for various offenses, including a racketeering conspiracy and mail and wire fraud. The Bromwells contend that this property is not subject to pretrial restraint under 18 U.S.C.A. § 1963 (West 2000 & Supp. 2006) because it is substitute property, rather than tainted property deriving from or constituting proceeds of the racketeering activity. Following our circuit precedent that interprets § 1963 as authorizing pretrial restraint of substitute property, we affirm.

I.

Thomas Bromwell was a member of the Maryland Senate from 1983 until his resignation in May 2002. From 1995 until his resignation, Thomas Bromwell served as the Chairperson of the Senate Finance Committee, which had wide-ranging responsibility for legislation concerning banking and financial institutions, economic and community development, and health and welfare matters. Thomas Bromwell also owned Dallas, Inc., a Maryland construction company. Mary Bromwell worked part-time as a sign-language interpreter for the hearing impaired.

On October 19, 2005, a federal Grand Jury in the District of Maryland returned a thirty-count superseding indictment charging the Bromwells and W. David Stoffregen (collectively, the "Defendants") with a racketeering conspiracy, mail and wire fraud, extortion, and other offenses. Stoffregen was the President and Chief Executive Officer of Poole and Kent, a Maryland construction company, and he was the President of Forti, Poole and Kent, LLC, a company that provided steel erection services.

The indictment charged a racketeering conspiracy in which Thomas Bromwell used his position as Chairperson of the Senate Finance Committee to obtain contracts for Stoffregen's construction companies in exchange for financial benefits. These benefits allegedly included $192,923 in salary payments made by unindicted co-conspirators to Mary Bromwell, even though she performed no useful business functions or tasks in return for the payments, and construction services and materials valued at $9,150 provided to Dallas, Inc., Thomas Bromwell's construction company. Finally, Stoffregen and others allegedly provided construction services, materials, and equipment valued at $85,000 for free, or for a substantially reduced cost, for the construction of a new residence for the Bromwells.

The indictment notified the Defendants that the Government would seek forfeiture of the property that constituted proceeds of the illegal activity. See Fed. R. Crim P. 32.2 (requiring notice

4

to a defendant that the Government will seek criminal forfeiture). This property included the $192,923 in salary payments to Mary Bromwell, the $9,150 of construction services and materials provided to Thomas Bromwell's construction company, and the $85,000 of construction services, equipment, and materials provided by Stoffregen to build the Bromwells' residence. The indictment also sought the forfeiture of $1,707,879 in salary payments to Stoffregen and $93,267 in kickbacks to him. In total, the indictment sought forfeiture of $2,088,219, for which the Defendants were jointly and severally liable.

The indictment also notified the Defendants that if any of the forfeitable property "a. cannot be located upon the exercise of due diligence; b. has been transferred or sold to, or deposited with, a third party; c. has been placed beyond the jurisdiction of the court; d. has been substantially diminished in value; or e. has been commingled with other property which cannot be divided without difficulty," the Government would seek forfeiture of certain substitute property listed in the indictment, including real property and numerous financial accounts owned by the Defendants. (J.A. at 67.)

On October 19, 2005, the same day that the grand jury returned the superseding indictment, the Government filed an Ex Parte Application for a Protective Order and Seizure. The application requested a protective order over the substitute property listed in

5

the indictment. A United States Magistrate Judge granted the Government two protective orders over this property. Thereafter, the Defendants moved to vacate the protective orders on several grounds, including that the magistrate judge was without authority to enter the order.

In response, on November 15, 2005, the Government filed with the district court an Ex Parte Application for Renewed Protective Order and Seizure Warrants For Assets Subject to Forfeiture, seeking a renewed protective order covering the Defendants' substitute property. Attached to the Application for Renewed Protective Order was an affidavit by FBI Special Agent Jeffrey Williams. Special Agent Williams averred that the tainted property to be forfeited could not be located, had been transferred or deposited with a third party, and had been commingled with other property that could not be divided without difficulty. Specifically, Special Agent Williams's affidavit stated that the Bromwells had expended most of the $192,923 in salary payments made to Mary Bromwell, and had only $384 remaining in the account in which the salary had been deposited. The affidavit stated that the $9,150 in construction materials and services provided to Thomas Bromwell's construction company was unavailable because it had been used in the construction of a building for a third party. Finally, the affidavit stated that the $85,000 worth of construction services, equipment, and materials provided by Stoffregen to build

the Bromwells' residence had been commingled with other property that could not be divided without difficulty, i.e., it was used in the construction of the home.

On January 17, 2006, the district court vacated the protective orders entered by the magistrate judge and entered a Renewed Protective Order restraining real and personal property of the Defendants as substitute property subject to forfeiture. The Bromwells await trial, currently scheduled to begin in March 2007.

The Bromwells timely noted an interlocutory appeal of the Renewed Protective Order.[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C.A. § 1292(a)(1) (West 2006), which authorizes interlocutory appeals from the district court's grant of injunctions.

## II.

The district court entered a protective order over the Bromwells' property pursuant to 18 U.S.C.A. § 1963(d). We review the district court's decisions regarding protective orders restraining property for an abuse of discretion. <u>United States v. Bollin</u>, 264 F.3d 391, 421 (4th Cir. 2001). "A district court per se abuses its discretion when it makes an error of law . . . ."

---

[1]Stoffregen also appealed. Prior to oral argument, however, Stoffregen reached an agreement with the Government on the underlying criminal matter, and we granted his motion to dismiss his appeal.

<u>Thorn v. Jefferson-Pilot Life Ins. Co.</u>, 445 F.3d 311, 317 (4th Cir. 2006).

The sole issue on appeal is the legal question of whether property that is not profits of illegal racketeering activity, and instead is substitute property, is subject to pretrial restraint under § 1963 to preserve it for forfeiture after trial. Section 1963(a) provides that

> Whoever violates any provision of section 1962 of this chapter . . . shall forfeit to the United States, irrespective of any provision of State law --
>      (1) any interest the person has acquired or maintained in violation of section 1962;
>      (2) any --
>           (A) interest in;
>           (B) security of;
>           (C) claim against; or
>           (D) property or contractual right of any kind affording a source of influence over;
>      any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and
>      (3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

18 U.S.C.A. § 1963(a). Thus, the property described in subsection (a) is tainted property that is forfeitable because it is connected with or derived from the illegal racketeering activity. <u>See, e.g.</u>, <u>United States v. West</u>, 877 F.2d 281, 292 (4th Cir. 1989) (affirming the RICO forfeiture of an automobile and two houses because the defendant stored and sold drugs in the houses and used the

8

automobile to secure debts incurred in purchasing drugs, rendering those assets forfeitable under § 1963(a)(1) and (2)).

Concerned that "'a defendant may succeed in avoiding the forfeiture sanction simply by transferring his assets to another, placing them beyond the jurisdiction of the court, or taking other actions to render his forfeitable property unavailable at the time of conviction,'" Congress enacted a substitute property forfeiture provision, 18 U.S.C.A. § 1963(m). United States v. McHan, 345 F.3d 262, 271 (4th Cir. 2003) (quoting S. Rep. 98-225 at 201, reprinted in 1984 U.S.C.C.A.N. at 3384)). Subsection (m) provides that

> If any of the property described in subsection (a), as a result of any act or omission of the defendant --
>     (1) cannot be located upon the exercise of due diligence;
>     (2) has been transferred or sold to, or deposited with, a third party;
>     (3) has been placed beyond the jurisdiction of the court;
>     (4) has been substantially diminished in value; or
>     (5) has been commingled with other property which cannot be divided without difficulty;
> the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

18 U.S.C.A. § 1963(m). In other words, subsection (m) provides for forfeiture of substitute property after conviction if one or more of the five statutory conditions has occurred that makes the tainted property unavailable for forfeiture.

Section 1963 has another provision to prevent defendants from thwarting forfeiture. Subsection (d) provides that

> [T]he court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in <u>subsection (a)</u> for forfeiture under this section.

18 U.S.C.A. § 1963(d)(1) (emphasis added).

The district court entered a protective order under § 1963(d) to restrain the Bromwells' substitute property, i.e., property described in subsection (m). The Bromwells contend that the district court erred because the text of § 1963(d) provides only for pretrial restraint of property described in <u>subsection (a)</u>, not pretrial restraint of substitute property described in <u>subsection (m)</u>.

In <u>In re Billman</u>, 915 F.2d 916 (4th Cir. 1990), <u>cert. denied sub. nom. McKinney v. United States</u>, 500 U.S. 952 (1991), we held that "the pretrial restraining provisions of § 1963 do not permit a defendant to thwart the operation of the forfeiture laws by absconding with RICO proceeds and then transferring his substitute assets to a third party . . . ." <u>Id.</u> at 921. We noted that although § 1963(d)(1)(A) authorizes a district court to enter an injunction "to preserve the availability of property described in subsection (a) for forfeiture" -- that is, the property that is the proceeds of the racketeering activity -- "when . . . the defendant has placed the assets specified in subsection (a) beyond the jurisdiction of the court, subsection (d)(1)(A) must be read in conjunction with subsection (m) to preserve the availability of

10

substitute assets pending trial. In this way the purpose of § 1963(d)(1)(A) can be attained." Id. at 920-21. We therefore concluded "that § 1963(d)(1)(A) should be construed to authorize pretrial restraint of property specified by subsections (a) and (m) that can be forfeited after conviction." Id. at 921.

We perceive no basis on which to distinguish this case from Billman, which we have described broadly as holding "that the pre-trial restraint provision of . . . 18 U.S.C.A. § 1963(d)[] permits the restraint of substitute assets under § 1963(m) pending resolution of the defendant's case." Bollin, 264 F.3d at 422. In view of Billman, the district court correctly determined that § 1963(d)(1) authorizes the pretrial restraint of the Bromwells' substitute assets.[2]

---

[2]Billman was the first case in the courts of appeals to address pretrial restraint of substitute property, and we are aware that our position has not been followed by other circuits. See United States v. Gotti, 155 F.3d 144, 149-50 (2d Cir. 1998) (holding that the "unambiguous language" of § 1963(d)(1)(A) does not authorize pretrial restraint of substitute assets); United States v. Riley, 78 F.3d 367, 371 (8th Cir. 1996) (same); In re Assets of Martin, 1 F.3d 1351, 1359 (3d Cir. 1993) (same); see also United States v. Ripinsky, 20 F.3d 359, 362 (9th Cir. 1994) (holding that substitute assets are not subject to pretrial restraint under the criminal forfeiture provision of the Controlled Substances Act, 21 U.S.C.A. § 853); United States v. Floyd, 992 F.2d 498, 501-02 (5th Cir. 1993) (same). We, of course, must follow Billman, which was decided by a distinguished panel that included retired Justice Powell. See McMellon v. United States, 387 F.3d 329, 332 (4th Cir. 2004) (en banc) ("[O]ne panel [of this court] cannot overrule a decision issued by another panel.").

III.

One final matter must be addressed.  On March 9, 2006 -- after the district court entered its order in this case -- Congress amended the statute governing the mode of recovering forfeiture penalties, 28 U.S.C.A. § 2461(c) (West 2006), to state that the forfeiture procedures of the Controlled Substances Act, 21 U.S.C.A. § 853 (West 1999 & Supp. 2006), "apply to all stages of a criminal forfeiture proceeding."  See USA PATRIOT Improvement and Reauthorization Act of 2005, Pub. L. 109-177, §  410, 120 Stat. 192, 246 ("Uniform Procedures for Criminal Forfeiture") (March 9, 2006).  Congress did not alter or repeal § 1963.  Although the district court's protective order was entered pursuant to § 1963, the Government contends that our appellate review of that order should be conducted under § 853.

We need not address whether 21 U.S.C.A. § 853 now applies rather than 18 U.S.C.A. § 1963 because the result is the same.  For the most part, the distinction between 18 U.S.C.A. § 1963 and 21 U.S.C.A. § 853 is without a difference.  Compare 18 U.S.C.A. § 1963(d)(1) with 21 U.S.C.A. § 853(e)(1) (authorizing pretrial restraint of tainted property) and 18 U.S.C.A. § 1963(m) with 21 U.S.C.A. § 853(p) (requiring the forfeiture of substitute property if any of five conditions has occurred making tainted property unavailable for forfeiture).  In light of this similarity, we have applied Billman to conclude that § 853 authorizes pretrial

restraint of substitute property, observing that "[t]he restraint and substitute assets provisions of § 853 are identical to those in the RICO statute, and we see no reason to construe them differently."  Bollin, 264 F.3d at 421-22.  Therefore, whether further forfeiture proceedings in this case are now governed by 18 U.S.C.A. § 1963 or 21 U.S.C.A. § 853, the district court was authorized to enter an order restraining the Bromwells' substitute property because our precedent dictates that substitute property is subject to pretrial restraint under both statutes.  See Billman, 915 F.2d at 921; Bollin, 264 F.3d at 421-22.

IV.

Because the Bromwells' substitute property is subject to pretrial restraint to preserve its availability for forfeiture, we affirm the district court's order.

AFFIRMED

13