RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0244p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

No. 07-3370

REBECCA S. PARRETT,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 06-00129—Algenon L. Marbley, District Judge.

Argued and Submitted: June 3, 2008

Decided and Filed: July 3, 2008

Before: DAUGHTREY and MOORE, Circuit Judges; DUGGAN, District Judge.[*]

---

## COUNSEL

**ARGUED:** Stefan D. Cassella, UNITED STATES DEPARTMENT OF JUSTICE, Alexandria, Virginia, for Appellant. **ON BRIEF:** Stefan D. Cassella, UNITED STATES DEPARTMENT OF JUSTICE, Alexandria, Virginia, for Appellant. Jerry E. Peer, Jr., ADAMS, BABNER & GITLITZ, Columbus, Ohio, for Appellee. Richard L. Holcomb, LAW OFFICES OF JAMES A.H. BELL, Knoxville, Tennessee, for Amicus Curiae.

---

## OPINION

---

KAREN NELSON MOORE, Circuit Judge. A grand jury indicted Rebecca S. Parrett, and six others, on numerous counts of conspiracy, securities fraud, wire fraud, money laundering, and concealment of money laundering. The indictment stated that, if convicted, Parrett would be held jointly and severally liable with fellow co-defendants for the amount involved in any offenses of conviction and would be required to forfeit any property directly or indirectly traceable to those offenses pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982, and 28 U.S.C. § 2461(c). After the

---

[*] The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

indictment, the federal government filed a notice of lis pendens[1] on two properties that it considered to be substitute assets. Substitute assets, as defined by 21 U.S.C. § 853(p), are not directly traceable to the underlying offenses for which Parrett was indicted, but could be used to satisfy a judgment under certain circumstances (detailed in the statute).

Parrett filed a motion asking the district court to order the federal government to remove the notices of lis pendens; she argued that the federal government did not have authority to impose a restraint on substitute assets prior to a conviction. The district court granted Parrett's motion, holding that, under *United States v. Ford*, 64 F. App'x 976 (6th Cir. 2003) (unpublished), "21 U.S.C. § 853 does not authorize the pretrial restraint of substitute assets." *United States v. Parrett*, 469 F. Supp. 2d 489, 493 (S.D. Ohio 2007). The district court concluded that, because the federal statute did not authorize the federal government to file a notice of lis pendens, the court did not need to consider whether the federal government had met the requirements for filing a notice of lis pendens under Arizona and Ohio law. *Id*. at 493-94.

On appeal, the federal government argues that the district court erred because it failed to understand that the federal government derived its authority to file a notice of lis pendens on substitute assets from the law of the state in which the property was located, not from 21 U.S.C. § 853. While the federal government's appeal was pending in our court, a jury convicted Parrett on all counts; the jury found her jointly and severally liable for a $1.9 billion judgment. As of the writing of this opinion, a forfeiture order has not yet been entered by the district court. Although Parrett's attorney suggested in a letter to this court that the case had become moot after Parrett's conviction, we disagree. Because the federal government may have authority under state law to file notices of lis pendens against substitute assets prior to entry of an order of forfeiture, we **VACATE** the district court's judgment that the federal government lacks any authority to file a notice of lis pendens against substitute assets prior to entry of an order of forfeiture, and **REMAND** for further proceedings in accordance with this opinion.

## I. BACKGROUND

On May 19, 2006, a grand jury indicted Parrett, and six others for abusing their positions at National Century Financial Enterprises, Inc., "one of the largest healthcare finance companies in the United States." Joint Appendix ("J.A.") at 121 (Superseding Indictment at ¶ 1). The federal government alleged that Parrett was a "Vice Chairman, Secretary, Treasurer, Director, and an owner" of the company. J.A. at 122 (Superseding Indictment at ¶ 8). The Superseding Indictment on July 10, 2007 charged Parrett with conspiracy, securities fraud, wire fraud, money laundering, and concealment of money laundering, in violation of 18 U.S.C. § 371, 15 U.S.C. §§ 77q and 77x, 18 U.S.C. § 1343 and 2, 18 U.S.C. § 1956(h), and 18 U.S.C. § 1956(a) respectively. Also, the Superseding Indictment included a forfeiture claim,[2] Count 27, which stated:

> 65. Each defendant who is convicted of Count 1 (conspiracy) and Counts 2 through 26 shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), *any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation*, including but not limited to a sum of money in the amount of approximately $1,900,000,000, representing the

---

[1] A notice of lis pendens is "recorded in the chain of title to real property, required or permitted in some jurisdictions to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." Black's Law Dictionary 942 (8th ed. 2004).

[2] Although § 981 authorizes only civil forfeitures, the Civil Asset Forfeiture Reform Act of 2000 § 16, 28 U.S.C. § 2461(c), made the forfeitable property described in the civil-forfeiture statute, § 981, subject to criminal forfeiture. 28 U.S.C. § 2461(c); *see United States v. Capoccia*, 503 F.3d 103, 115 (2d Cir. 2007).

proceeds from the conspiracy to violate statutes of the United States as alleged in Count 1 and the violations alleged in Counts 2 through 26. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

66. Pursuant to 18 U.S.C. § 982, each defendant who is convicted of the conspiracy to commit violations of Sections 1956, in violation of 18 U.S.C. § 1956(h), as charged in Count 17, shall forfeit to the United States the following property:

> 66.1. All right, title, and interest in any and all property involved in the conspiracy to violate 18 U.S.C. § 1956 for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of § 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to untainted funds used to conceal the proceeds of criminal activity.

> 66.2. A sum of money equal to approximately $1,900,000,000, representing the total amount of money involved in the conspiracy to commit violations of Sections 1956, in violation of 18 U.S.C. § 1956(h), as charged in Count 17, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

J.A. at 142-43 (Superseding Indictment at ¶¶ 65-66.2) (emphasis added). Further, the Superseding Indictment stated that each defendant would be required, pursuant to 21 U.S.C. § 853(p), to

> forfeit *substitute property*, up to the value of the amount described in the foregoing paragraphs, if, by any act or omission of a defendant, the property described in such paragraphs, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

J.A. at 144 (Superseding Indictment at ¶ 68) (emphasis added). Although the Superseding Indictment listed certain specific property related to the offense, it did not list substitute property.[3]

As the case progressed, Parrett identified two properties on which the federal government had placed a notice of lis pendens that she believed qualified only as substitute assets, not assets related to the offenses stated in the indictment. On October 23, 2006, prior to trial, Parrett filed a motion asking the district court to require the federal government to "dismiss the notice of Lis Pendens it filed against" property on North Stirrup Circle, Carefree, Arizona because it was, in her view, only a substitute asset. J.A. at 72 (Mot. to Dismiss Notice of Lis Pendens). The federal government opposed the motion. Parrett later supplemented her motion on December 1, 2006 by

---

[3]Pursuant to FED. R. CRIM. P. 7(c)(2) and 21 U.S.C. § 853(e), the property for which the government seeks criminal forfeiture must be stated in the indictment. However, 21 U.S.C. § 853 does not require that substitute assets be listed in the indictment in order for the government to institute a forfeiture action to acquire them.

including two other properties on which the federal government had filed a notice of lis pendens after her first motion:  property on East Thistle Drive, Fountain Hills, Arizona, and Elliott Avenue, Columbus, Ohio.  The federal government filed a response to Parrett's supplemental motion, indicating that the property listed in Parrett's initial motion, on North Stirrup Circle was directly traceable to proceeds from the offense for which she had been indicted; thus, the federal government argued that only two of the three properties constituted substitute assets.  On January 5, 2007, the district court granted Parrett's motion to dismiss the notice of lis pendens as to the East Thistle Drive and Elliott Avenue properties that qualified only as substitute assets.  The federal government filed a timely appeal.

On March 13, 2008, while the government's appeal in this court was pending, a jury convicted Parrett on all counts.  Prior to her sentencing, Parrett absconded; the district court issued a warrant for her arrest on March 27, 2008.  Parrett's attorney suggested in a letter to this court, without elaboration, that the federal government's appeal was moot because Parrett had been convicted.  We asked the federal government to file a response to the assertion of mootness.  During oral argument by the government and in its brief in response to the suggestion that the case may be moot, the government informed us that, after Parrett's conviction, it had reinstated the notices of lis pendens against the East Thistle Drive and Elliott Avenue properties.

As of the filing of this opinion, the district court has not yet entered an order of forfeiture.  The parties "orally stipulated to vacate the forfeiture hearing and submit the matter on the basis of the trial record and other pertinent filings."  Dist. Ct. Dkt. Sheet at Entry No. 630 (4/24/08 Order).  Parrett filed supplemental materials from related civil litigation, and the government filed a timely response to these materials.  At present, the parties are awaiting the district court's order regarding forfeiture.

## II.  ANALYSIS

After concluding that we have jurisdiction, we turn to the two main issues involved in this appeal.  First, we must determine whether federal law, state law, both, or neither authorize the federal government to file a notice of lis pendens on substitute property prior to the entry of a criminal order of forfeiture.  Second, we must determine whether the requirements of the governing law (if any) have been met.  Ultimately, we conclude that only state law may authorize the federal government to file notices of lis pendens on substitute assets prior to entry of the order of forfeiture by the district court, and that we must remand this case to the district court for it to determine in the first instance whether the federal government has fulfilled the necessary requirements for filing a notice of lis pendens under Arizona law with respect to the East Thistle Drive property and under Ohio law with respect to the Elliott Avenue property.

### A.  Jurisdiction

We have jurisdiction over this appeal pursuant to the collateral-order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949).  *Cohen* held that certain "collateral" orders could constitute final decisions that are immediately appealable under 28 U.S.C. § 1291.  *Cohen*, 337 U.S. at 546.  The Supreme Court has summarized the *Cohen* test as requiring that the order "[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment."  *Johnson v. Jones*, 515 U.S. 304, 310 (1995) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)) (internal quotation marks omitted).  The requirement that the order "conclusively determine" the question and that the order be "effectively unreviewable" is intended to allow appeals of orders when "failure to review immediately may well cause significant harm."  *Id*. at 311.  In addition,

[t]he requirement that the matter be separate from the merits of the action itself means that review *now* is less likely to force the appellate court to consider approximately the same (or a very similar) matter more than once, and also seems less likely to delay trial court proceedings (for, if the matter is truly collateral, those proceedings might continue while the appeal is pending).

*Id.*

Because this case satisfies all three parts of the *Cohen* test, we have jurisdiction over this appeal. First, in its January 5, 2007 Order, the district court conclusively determined the issue of whether the government could file notices of lis pendens pretrial. Second, the lis pendens issue does not concern the merits of the various underlying offenses. Finally, by addressing the substitute property issue now, we can avoid substantial harm that could possibly occur to the government as a result of the district court's decision. If the government is not allowed to file a notice of lis pendens on substitute assets pretrial and the assets directly traceable to the offense do not satisfy the amount stated in the forfeiture order, the government could be harmed by losing the ability to prevent a purchaser of the substitute property from contesting the forfeiture.

Our conclusion that we have appellate jurisdiction pursuant to the collateral-order doctrine finds support in a recent decision of the Tenth Circuit. In its decision in *United States v. Jarvis*, 499 F.3d 1196 (10th Cir. 2007), the Tenth Circuit held that it had jurisdiction under the collateral-order doctrine to review a district court's decision to allow the government to place a notice of lis pendens on substitute property. *Jarvis*, 499 F.3d at 1198. *See also Hill v. Dep't of the Air Force*, 884 F.2d 1321, 1322 (10th Cir.1989) (holding that district court's denial of motion to quash a notice of lis pendens was appealable under the collateral-order doctrine); *S.B. McLaughlin & Co. v. Tudor Oaks Condominium Project*, 877 F.2d 707, 708 (8th Cir.1989) (holding that an order cancelling a notice of lis pendens is appealable under the collateral-order doctrine); *Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1318 n.2 (3d Cir.1982) (same); *Suess v. Stapp*, 407 F.2d 662, 663 (7th Cir.1969) (same). *But see Orange County v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 824 (9th Cir. 1995) (holding that it lacked jurisdiction under the collateral-order doctrine to review the appeal of a district court order striking a notice of lis pendens because the issue was not completely separate from the merits of the underlying contract and fraud action, but noting that the Third, Seventh, and Eighth Circuits "have concluded that the expungement of a lis pendens constitutes an appealable collateral order"); *255 Park Plaza Assocs. Ltd. P'ship v. Conn. Gen. Life Ins. Co.*, No. 94-1603, 1995 WL 496697, *3 (6th Cir. Aug. 17, 1995) (unpublished) (no jurisdiction under the collateral-order doctrine to review an appeal of a district court order striking a notice of lis pendens because the issue was not completely separate from the merits of the underlying bankruptcy action); *Demenus v. Tinton 35 Inc.*, 873 F.2d 50, 54 (3d Cir. 1989) (same, in case involving constructive trust). We follow the *Jarvis* line of cases because the issues surrounding the notices of lis pendens filed against the East Thistle Drive and Elliott Avenue properties in Parrett's case are completely separate from the merits of the underlying action. Therefore, after considering *Cohen* and the decisions of our sister circuits, we conclude that we have jurisdiction over this appeal.

Next, we must address the suggestion made by Parrett's attorney, about one week prior to oral argument, that this case may be moot. Article III empowers us to consider only actual cases and controversies. *Rosales-Garcia v. Holland*, 322 F.3d 386, 394 (6th Cir.) (en banc), *cert. denied*, 539 U.S. 941 (2003). Parrett's attorney suggested in one sentence of his letter to us that the federal government's appeal was moot because Parrett had been convicted while this appeal was pending. In response to this suggestion, the government argues that the case is not moot because it has a right, prior to entry of the forfeiture order, to file a notice of lis pendens under the laws of the states of Arizona and Ohio regarding the respective properties. In short, the federal government argues that "[a] third party who acquires an interest in the [substitute] property as a bona fide purchaser for value *at any time before the order of forfeiture is entered* is entitled to prevail under Section

853(n)(6)(B)." 5/29/08 Government's Response to Defendant-Appellee's Suggestion of Mootness at 4. As a result, the federal government argues that it "did not file the notices of *lis pendens* in this case to protect its interest *vis a vis* third parties *pending trial*; it filed the notices to protect its interest *pending the entry of an order of forfeiture*." *Id.* Thus, the federal government urges that we should not focus on the treatment of substitute assets pretrial, but rather the treatment of them prior to the entry of an order of forfeiture.

We find the government's argument persuasive. Despite the fact that a jury convicted Parrett, the federal government retains an interest in ensuring the preservation of substitute assets until entry of an order of forfeiture identifying the Ohio and Arizona properties as qualifying substitute assets. Thus, because a live controversy exists as to whether a notice of lis pendens can be filed prior to the entry of a forfeiture order, the government's appeal is not moot.

## B. Standard of Review

We review questions of statutory interpretation de novo. *United States v. Wagner*, 382 F.3d 598, 606-607 (6th Cir. 2004). The statutory-interpretation analysis begins by examining "the language of the statute itself to determine if its meaning is plain." *Id.* at 607 (quotation omitted). "Plain meaning is examined by looking at the language and design of the statute as a whole." *Id.* (quotation omitted). If the statutory language is not clear, we may examine the relevant legislative history. *Id.*

## C. Filing a Notice of Lis Pendens Against Substitute Property

### 1. No Authority Under Federal Law

We conclude that the district court correctly determined that the federal criminal forfeiture statute, 21 U.S.C. § 853,[4] does not provide authorization for federal prosecutors to restrain substitute assets prior to entry of the order of forfeiture by the district court. Indeed, on appeal, the government did not argue that it derived authority to file the notices of lis pendens from federal law. In addition, both Parrett and the National Association of Criminal Defense Lawyers argue that 21 U.S.C. § 853(p) does not "permit pretrial restraint of substitute property." Amicus Br. at 3.

Federal criminal forfeiture law addresses two types of assets: those that have been tainted by criminal activity, and those that are free of taint. Congress gave federal prosecutors the ability to institute criminal forfeiture proceedings for three categories of tainted assets:

(1)   any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;

(2)   any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

(3)   in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

---

[4]We note that 28 U.S.C. § 2461(c) instructs that, with one exception not relevant to this appeal, "[t]he procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding." 28 U.S.C. § 2461(c).

21 U.S.C. § 853(a). The government is entitled to request that the district court "enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability" of this property. 21 U.S.C. § 853(e). As this court noted in *Ford*, "pre-trial retention of assets believed to be tainted and, therefore, forfeitable, is permissible." *Ford*, 64 F. App'x at 982 (footnote omitted). Under § 853(c), the government's interest in the property described in § 853(a) vests when the defendant commits the act giving rise to forfeiture; this timing provision is often called relation back.[5] *United States v. O'Dell*, 247 F.3d 655, 685 (6th Cir. 2001); *United States v. Timley*, 507 F.3d 1125, 1130 (8th Cir. 2007) (holding that "[u]nder the relation-back doctrine, title to the forfeited property vests in the United States at the time of the defendant's criminal act").

Congress, however, chose to treat untainted, or substitute, assets differently than the tainted assets described above. In a separate subsection, § 853(p), Congress provided that, if the tainted property subject to criminal forfeiture described in § 853(a) could not be used to satisfy the judgment "as a result of any act or omission of the defendant," the defendant could be ordered to forfeit "substitute" property if certain requirements were met. 21 U.S.C. § 853(p). This statutory provision regarding substitute assets does not explicitly provide for relation back; currently the circuits are split as to whether the government's interest in substitute property relates back to the date of the act giving rise to the forfeiture in the same way as the government's interest vests regarding property directly tainted by the illegal activity. Although the Tenth Circuit has held that the relation-back provision of § 853(c) is "silent as to § 853(p) substitute property," *Jarvis*, 499 F.3d at 1204-05, the Fourth Circuit has held that the forfeiture of substitute property "relates back to the date of the acts giving rise to the forfeiture."[6] *United States v. McHan*, 345 F.3d 262, 272 (4th Cir. 2003). The different conclusions illustrate different conceptions of proper statutory interpretation. The Tenth Circuit focused on the plain language of § 853, holding that the federal government has only a "potential and speculative future interest" in substitute assets prior to conviction and the fulfillment of certain statutory conditions found in § 853(p)(1)(A)-(E) (aimed at assessing when substitute property may be used to satisfy a judgment). *Jarvis*, 499 F.3d at 1204-05. In contrast, the Fourth Circuit read § 853 in light of what it considered to be the statute's broader purpose; it held that, because the purpose of relation back was to "'prevent defendants from escaping the impact of forfeiture by transferring assets to third parties,' and the purpose of § 853(p) was similarly to address this very 'impediment[] to significant criminal forfeitures,'" the forfeiture of substitute property "relates back to the date of the acts giving rise to the forfeiture." *McHan*, 345 F.3d at 272 (quotations omitted).

In addition, in contrast with assets related to the offense that may be restrained before conviction pursuant to § 853(e), several federal courts of appeals have held that restraining orders (or other restraints) may not be placed on substitute assets before conviction.[7] *Ford*, 64 F. App'x at 982-83 (noting that if the assets at issue had been considered substitute assets, the government could not have restrained them prior to trial); *United States v. Field*, 62 F.3d 246 (8th Cir. 1995) (holding that the language of § 853(e) and (p) unambiguously excludes restraint of substitute assets before conviction); *United States v. Ripinsky*, 20 F.3d 359, 363 (9th Cir. 1994) (holding that if Congress intended for substitute assets to be subject to restraint before conviction it should amend

---

[5]The 2001 and 2006 amendments to 21 U.S.C. § 853 did not affect the statutory language on which the *O'Dell* court based its decision regarding the interpretation of § 853(c).

[6]The 2006 amendments to § 853 do not affect *McHan*'s analysis. The first amendment added new language to § 853(q), which covers "clandestine laboratory sites." The second amendment added a general savings provision to the statute to address environmental laws.

[7]The amendments to 21 U.S.C. § 853 in 1996, 2000, 2001, and 2006 did not affect the language upon which the cases discussed in this paragraph based their statutory interpretation respecting substitute assets.

the statute to so provide); *United States v. Floyd*, 992 F.2d 498, 500-502 (5th Cir. 1993) (same); *see United States v. Gotti*, 155 F.3d 144, 149 (2d Cir. 1998) (holding that RICO statute, which is analogous to § 853(e), did not allow pretrial restraint of substitute assets); *In re Martin*, 1 F.3d 1351, 1355-56, 1359-60 (3d Cir. 1993) (same). As the Tenth Circuit recently noted, "[t]he Fourth Circuit is the only federal court of appeals to conclude the statute permits pre-trial restraint of substitute assets." *Jarvis*, 499 F.3d at 1204 n.8 (citing *United States v. McKinney (In re Assets of Billman)*, 915 F.2d 916, 921 (4th Cir. 1990), *cert. denied*, 500 U.S. 952 (1991)); *see also United States v. Bromwell*, 222 F. App'x 307, 311 n.2 (4th Cir. 2007) (unpublished) (following *Billman* as law of the Fourth Circuit but acknowledging that other circuits disagree). *In re Billman* based its holding on the statute's purpose of preserving assets for forfeiture and Congress's intent that the statute be "'liberally construed'" to forward this purpose. *In re Billman*, 915 F.2d at 921 (quotation omitted).

We conclude, as we did in the unpublished *Ford* decision, that the plain language of 21 U.S.C. § 853 conveys Congress's intent to authorize the restraint of *tainted* assets prior to trial, but *not* the restraint of *substitute* assets. As noted above, all but one of our sister circuits who have addressed this question have come to a similar conclusion. *See Jarvis*, 499 F.3d at 1204 n.8; *Bromwell*, 222 F. App'x at 311 n.2. Although the federal statute allows the federal government to take any action necessary "to preserve the availability" of tainted property, 21 U.S.C. § 853(e), the statute does not grant similar powers to the federal government with regard to substitute property. *See* 21 U.S.C. § 853(p). Therefore, we hold that the district court correctly determined that 21 U.S.C. § 853 does not provide authorization for the federal government to place restraints on substitute property prior to entry of an order of forfeiture.

## 2. Authority Found in State Law

Although we have concluded that § 853 does not itself authorize an order of lis pendens over substitute assets prior to the entry of a forfeiture order, the government argues that it may utilize the lis pendens provisions of the applicable states. Thus, we now turn to the question of whether, pursuant to the law of the state in which the substitute property at issue is located, the federal government may file a notice of lis pendens on substitute property prior to the entry of an order of forfeiture.

As a threshold matter, we hold that the Supremacy Clause does not bar the federal government from deriving the authority to file a notice of lis pendens from state law. The Supremacy Clause states that the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Although § 853 does not itself *authorize* the federal government to restrain substitute assets prior to entry of a forfeiture order, it also does *not prohibit* the federal government from using the lis pendens device if authorized under generally applicable state law. *See* 21 U.S.C. § 903 (stating that "No provision of this subchapter [including § 853] shall be construed as indicating an intent on the part of Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together"). Thus, the federal government is free to argue that applicable state law authorizes the filing of a notice of lis pendens against substitute property.

Each state has its own specific requirements regarding the proper method for filing a notice of lis pendens. In Ohio, for example, when a party files a lawsuit involving "specific property," a notice of lis pendens, filed with the appropriate state agency, "gives notice to others of the claim alleged in the lawsuit and that a purchaser of the property may take the property subject to the outcome of the lawsuit." *Cincinnati ex rel. Ritter v. Cincinnati Reds, L.L.C.*, 782 N.E. 2d 1225,

1235 (Ohio Ct. App. 2002). If an interest in the property is conveyed after notice of lis pendens has been given, that conveyed interest is "subject to the outcome of the pending litigation." *Id*. Thus, in short, "[t]he purpose of lis pendens is to protect the plaintiff's interest in the subject property." *Id*. (footnote omitted).

We conclude that the federal government may file a notice of lis pendens against substitute assets prior to the entry of a forfeiture order, as long as it has fulfilled the relevant state-law requirements. In this case, Parrett's substitute assets are located in Arizona and Ohio. The federal government is concerned that if it is not authorized to file a notice of lis pendens on the substitute property prior to entry of the forfeiture order, a purchaser of Parrett's property could contest a later government forfeiture action by claiming to be a bona fide purchaser for value, pursuant to 21 U.S.C. § 853(n)(6)(B). In order to ensure that it may file a notice of lis pendens, the federal government must demonstrate that it has met the relevant state's requirements for filing a notice of lis pendens. Because the district court did not address whether the federal government had met the requirements for filing a notice of lis pendens in Arizona or Ohio, and because briefing on the issue was scanty, we vacate the district court's order and remand so that the district court can consider this issue after full briefing by the parties.

## III. CONCLUSION

In sum, we hold that the district court correctly determined that 21 U.S.C. § 853 does not authorize the federal government to place restraints on substitute assets prior to conviction; we further hold that restraints may not be placed on substitute assets under 21 U.S.C. § 853 prior to the entry of the order of forfeiture. In addition, we hold that the district court should have analyzed whether the federal government had met the state-law requirements for filing a notice of lis pendens on substitute properties located in Arizona or Ohio. We emphasize that our holdings are narrow; we have not addressed, for example, the amicus brief's arguments that due process concerns may exist. For the foregoing reasons, we vacate the district court's order and remand this matter to the district court for resolution in light of our opinion.