Joseph W. **EHRENFELT**, Plaintiff,

v.

**JANSSEN PHARMACEUTICALS, INC.** also known as Ortho–McNeil–Janssen Pharmaceuticals, Inc. and Ortho–McNeil Pharmaceutical Products, Inc.; Janssen, L.P., formerly known as Janssen Pharmaceutical Products, L.P.; Johnson & Johnson; Janssen Research and Development, LLC, formerly known as Johnson & Johnson Pharmaceutical Research & Development, LLC, Defendants.

No. 15–cv–2558–SHL–cgc

United States District Court, W.D. Tennessee, Western Division, **Western Division.**

Signed February 14, 2017

James W. Lampkin, II, W. Roger Smith, III, Frederick Bryan Darley, III, Pro Hac Vice, Beasley Allen Crow Methvin Portis & Miles, P.C., Montgomery, AL, Mark N. Geller Nahon Saharovich & Trotz, PLC, Memphis, TN, for Plaintiff.

Gregg W. Mackuse, Pro Hac Vice, Heather C. Giordanella, Pro Hac Vice, Melissa A. Graff, Pro Hac Vice, Drinker Biddle & Reath LLP, Philadelphia, PA, Mark Alan Dreher, Pro Hac Vice, Butler Snow LLP, Orlando Rodriquez Richmond, Pro Hac Vice, Butler Snow O'Mara Stevens & Cannada, PLLC, Ridgeland, MS, Steven Michael Selna, Pro Hac Vice, Drinker Biddle & Reath LLP, San Francisco, CA, G. Brian Jackson, Butler, Snow, O'Mara Stevens & Cannada PLLC, Nashville, TN, Thuy Trang Bui, Pro Hac Vice, Drinker Biddle & Reath, LLP, New York, NY, Vernon I. Zvoleff, Pro Hac Vice, Drinker Biddle & Reath LLP, San Francisco, CA, Elizabeth Laxton Smithhart, Butler Snow LLP, Memphis, TN, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SHERYL H. LIPMAN, UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 159), filed October 12, 2016, Plaintiff's Response (ECF No. 178), filed November 9, 2016, and Defendant's Reply (ECF No. 183), filed November 23, 2016. In addition to arguments attacking the merits of

Plaintiff's action, Defendants contend that summary judgment is appropriate because Plaintiff's claims are time-barred by the applicable statute of limitations and statute of repose. (See ECF No. 159.)

On January 5, 2017, the Court ordered the parties to file additional briefing addressing the narrow issue of whether the strict Kansas statute of repose for personal injury cases, K.S.A. § 60–513(b) (hereinafter, the "general statute of repose"), or the more flexible Kansas Product Liability Act ("KPLA") statute of repose, K.S.A. § 60–3303(b) (hereinafter, the "KPLA statute of repose"), applies to this action. (ECF No. 187.) As a result, the parties have offered fundamentally opposing interpretations of both the statutes of repose and the relevant Kansas case law, exposing a complex issue of statutory construction. For the following reasons, the Court finds that the Kansas general statute of repose applies to this action, and that Plaintiff's claims are thus time-barred.

## I. BACKGROUND

On July 17, 2015, Plaintiff initiated this product liability lawsuit in the Circuit Court of Shelby County, Tennessee, to obtain "damages relating to the Defendants' design, manufacture, sale, marketing, advertising, promotion, and distribution of Risperdal (risperidone)." (Ex. B, ECF No. 1 at PageID 25.)[1] Specifically, Plaintiff alleges that his exposure to Risperdal caused "rapid weight gain, hyperprolactinemia, gynecomastia (abnormal development of breasts in males), and galactorrhea (lactation)." (Id. at PageID 41.)

Plaintiff began taking Risperdal by approximately October 15, 1997, and he discontinued his initial Risperdal use on July 1, 1998. (Pl.'s R. to Def.'s Statement of Undisputed Facts, ECF No. 178-2 ¶¶ 1–2.) Later, on February 7, 2000, while hospitalized at St. Catherine Hospital, Plaintiff was again prescribed Risperdal, but he discontinued his second period of Risperdal use on February 24, 2000. (Id. ¶ 3.) On or about November 29, 2000, Plaintiff was admitted to Larned State Hospital, where he was first diagnosed with bilateral gynecomastia. (Id. ¶¶ 12, 14.) Plaintiff alleges that his gynecomastia was caused by his prior ingestion of Risperdal. (Id. ¶ 17.)

## II. ANALYSIS

Based on the undisputed facts in the record, the time of delivery of the allegedly harmful product occurred, at the latest, on October 15, 1997. Likewise, Plaintiff's harm occurred, at the latest, when he first was diagnosed with gynecomastia on November 29, 2000. If the general statute of repose is found to apply to Plaintiff's claims, this action must be dismissed as untimely. If, by contrast, the KPLA statute of repose applies, the Court then must consider whether Plaintiff's claims qualify under one of the enumerated exceptions in § 3303(b)(2). Because the Court finds that the general statute of repose applies in this instance, the exceptions are inapposite to Plaintiff's claims.

In determining which statute of repose applies to the present case, the Court must parse the way in which the Kansas Product Liability Act ("KPLA"), K.S.A. §§ 60–3301 et seq., fits within the broader body of Kansas tort law. To do so, the Court considers three interconnected questions. First, applying standard principles of statutory construction, how are the statutes of repose to be interpreted? Second, what principles, if any, may be gleaned from a series of Kansas decisions attempting to reconcile the general statute of repose and the KPLA statute of repose? Third, how much deference should this Court give to a contradictory Tenth Circuit interpretation of the Kansas statute?

---

1. The case was removed to this Court on August 21, 2015. (ECF No. 1.)

## A. APPLYING STANDARD PRINCIPLES OF STATUTORY CONSTRUCTION, THE GENERAL STATUTE OF REPOSE, K.S.A. § 60–513(b), APPLIES HERE.

██ The Court "begin[s] [its] analysis by looking at the language of the statute itself to determine if its meaning is plain." United States v. Wagner, 382 F.3d 598, 607 (6th Cir. 2004) (quoting United States v. Ninety–Three Firearms, 330 F.3d 414, 420 (6th Cir. 2003)). Determining a statute's "plain meaning" requires examining "the language and design of the statute as a whole." United States v. Parrett, 530 F.3d 422, 429 (6th Cir. 2008). In doing so, the Court "gives effect, if possible, to every word [the Kansas legislature] used." Carcieri v. Salazar, 555 U.S. 379, 391, 129 S.Ct. 1058, 172 L.Ed.2d 791 (2009) (quoting Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979)).

██ The plain reading of the Kansas statutory scheme indicates that there are two statutes of repose that could potentially apply to a product liability action, depending on the timing of the alleged harm. First, the KPLA statute of repose is set out in K.S.A. § 60–3303(b)(1), and states that "[i]n claims that involve harm caused more than 10 years after time of delivery, a presumption arises that the harm was caused after the useful safe life had expired." K.S.A. § 60–3303(b)(2) then carves out various exceptions to that period of repose. Relevant to this case, § 60–3303(b)(2)(B) provides that "[t]he ten-year period of repose established in paragraph (1) of this subsection does not apply if the product seller intentionally misrepresents facts about its product, or fraudulently conceals information about it, and that conduct was a substantial cause of the claimant's harm[,]" and § 60–3303(b)(2)(D) provides that "[t]he ten-year period of repose established in paragraph (1) of this subsection shall not apply if the harm was caused by prolonged exposure to a defective product, or if the injury-causing aspect of the product that existed at the time of delivery was not discoverable by a reasonably prudent person until more than 10 years after the time of delivery, or if the harm caused within 10 years after the time of delivery, did not manifest itself until after that time."

The continuing viability in product liability cases of the second potentially applicable statute, the general statute of repose, is apparent in K.S.A. § 60–3303(c), which provides, "[N]othing contained in subsection (a) and (b) above shall modify the application of K.S.A. 60–513, and amendments thereto." K.S.A. § 60–513(b) contains the separate, general statute of repose applicable to personal injury cases. In contrast to the KPLA statute of repose, the general statute of repose supplies a rigid cut-off for personal injury actions. It reads, "[I]n no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action." Id. The general statute of repose contains no exceptions. See id.

██ Therefore, the plain language of the KPLA statute of repose indicates that only a certain class of product liability claims fall within its scope, namely, "claims that involve **harm caused more than 10 years after time of delivery.**" K.S.A. § 60–3303(b)(1) (emphasis added). At the risk of sounding overly reductive, the Court notes that an exception to a rule can only apply once the rule itself applies. In other words, only once it is determined that a particular action falls within the scope of the KPLA statute of repose may the Court even consider whether an exception salvages that action. Thus, if Plaintiff's claims do not "involve harm caused more than 10 years after the time of delivery," he cannot qualify under an exception to the KPLA statute of repose.

■ The Court recognizes that § 60–3303(c) creates inherent tension in the statutory scheme because it could be read to imply that the two conflicting statutes of repose should simultaneously apply to certain actions. If "nothing" in the KPLA statute of repose should "modify the application of K.S.A. 60–513," then, by its terms, it would appear that both the KPLA statute of repose and the general statute of repose should apply to a product liability action where the harm is caused more than 10 years after time of delivery, a result which is clearly impracticable. Kansas courts have resolved this inherent tension by applying the "well-settled rule of law that 'statutes complete in themselves, relating to a specific thing, take precedence over general statutes." Harding v. K.C. Wall Products, Inc., 250 Kan. 655, 831 P.2d 958, 963 (1992). The application of this rule of statutory construction is well-taken. However, it is important to note that, in order to simultaneously reconcile the two statutes of repose and best "give effect" to the plain language of the KPLA statute of repose in light of § 60–3303(c), the rule can only apply when the statutes are inescapably in conflict. In other words, only for claims where a defective product causes harm more than 10 years after the time of delivery should the KPLA statute of repose take precedence over the general statute of repose. In all other product liability cases, 60–3303(c) dictates that the general statute of repose must apply. To do otherwise would give no effect to § 60–3303(c).

This interpretation is reinforced by the overall structure of the statute as well as the particular categories of injury excepted from the statute's ten-year period of repose. Indeed, the exceptions tend to demonstrate particular legislative attention to situations where equity weighs in favor of permitting claims involving injuries that occur outside the ten-year period of repose. Plaintiff draws the opposite conclusion, arguing that the exceptions in § 60–3303(b)(2)(D) demonstrate that the drafters of the KPLA statute of repose contemplated also permitting claims where the harm occurs within the ten-year period of repose. He specifically points out the exceptions for harms "caused by prolonged exposure" as well as for instances where "the harm [was] caused within 10 years after the time of delivery, [but] did not manifest itself until after that time."

However, this strained interpretation requires disregarding the plain language of the rule in § 60–3303(b)(1) to accommodate the language of the exceptions in § 60–3303(b)(2), when the language of the exceptions ought to be considered **in light of** the plain language of the rule. Under this Court's interpretation, the exceptions fit neatly into the framework articulated in § 60–3303(b)(1) because they extend a lifeline only to those plaintiffs who bring otherwise stale claims because the timing of an injury's manifestation prevented earlier recognition of the harm. Thus, the statute exempts "prolonged exposure" or latent harm cases, where harm may have technically occurred within 10 years of delivery but did not manifest itself until after the period of repose had run. The drafters of the Model Uniform Product Liability Act, from which the KPLA was adopted, support this interpretation. See, e.g., Patton v. Hutchinson Wil–Rich Mfg. Co., 253 Kan. 741, 861 P.2d 1299, 1311 (1993) ("The KPLA is based on the Model Uniform Product Liability Act, 44 Fed. Reg. 62, 714 et seq. (1979).") The comment accompanying the statute of repose states that "there is an exception for products that cause perceptible harm only through prolonged exposure, or that cause harms that take many years to manifest themselves. An exception is also made for the unusual situation in which a product contains, at the time of delivery, a hidden defect that is not discoverable by a reasonably prudent

product user and does not manifest itself until after a ten-year period has expired." Model Unif. Product Liability Act § 110, 44 Fed. Reg. 62714, 62734 (1979) (internal citations omitted).

In short, a natural reading of the plain language of the Kansas statutes necessitates interpreting the KPLA statute of repose as limiting those product liability claims that fall within its scope to ones "that involve harm caused more than 10 years after time of delivery." For claims that, by contrast, involve harm caused less than 10 years after time of delivery, § 60–3303(c) explicitly reserves the applicability of § 60–513(b), which imposes a hard ten-year period of repose on personal injury actions.

## B. KANSAS COURTS HAVE NOT ADDRESSED WHICH STATUTE OF REPOSE APPLIES IN PRODUCT LIABILITY ACTIONS INVOLVING HARMS OCCURRING WITHIN THE TEN–YEAR PERIOD OF REPOSE.

■ "In resolving issues of state law, the [Court] looks to 'the final decisions of that state's highest court, and if there is no decision directly on point, then we must make an Erie guess to determine how that court, if presented with the issue, would resolve it.'" In re Corning Corp., 778 F.3d 545, 548 (6th Cir. 2015). Therefore, regardless of how this Court believes the Kansas statutes should be interpreted, it is bound by any decision of the Kansas Supreme Court addressing the issue. It is important to note at the outset, though, that the discrete issue currently before this Court, whether the KPLA statute of repose applies in cases where the harm occurs less than ten years after time of delivery, would appear to be an issue of first impression in the Kansas courts. Each of the following cases addressing the tension between the KPLA statute of repose and the

general statute of repose involves an injury that occurred outside the ten-year period of repose articulated in both statutes.

In Harding v. K.C. Wall Products, Inc., the Kansas Supreme Court first addressed the conflict between the KPLA and the general Kansas statute of repose. 250 Kan. 655, 831 P.2d 958 (1992). The estate of Jerry Harding, a painting contractor in Wichita, Kansas, brought a tort action for injuries related to asbestos-containing products manufactured by K.C. Wall. Id. at 960. Harding purchased asbestos-containing drywall from K.C. Wall from about 1972 until no later than 1977, and he was diagnosed with malignant pleural mesothelioma in 1988, more than ten (10) years later. Id. In bringing his claim, Harding's estate specifically invoked the KPLA's survival provision, 3303(e), which allows for the "reviv[al] of causes of action for latent diseases caused by exposure to [asbestos] which were barred by interpretation of K.S.A. 60–513, and amendments thereto." Id.; K.S.A. § 60–3303(e). K.C. Wall moved for summary judgment, arguing in part that the revival provision in 3303(e) was unconstitutional because it amounted to a taking of a vested defense, specifically the absolute 10–year period of repose dictated by K.S.A. 513(b), in violation of due process. Id.

The Kansas Supreme Court first noted that "[i]t is a well-settled rule of law that 'statutes complete in themselves, relating to a specific thing, take precedence over general statutes.'" Id. at 963. Because the revival provision of the KPLA pertains specifically to a "latent disease caused by the harmful material asbestos," the court held that it governed over the general statute of repose. Id.

The question remained, however, whether that revival provision passed constitutional muster. In holding that it did, the Kansas Supreme Court noted that, "be-

cause 60–3303(b)(2)(D) already ·exempted from the 10–year repose provision causes of action involving harm 'caused by prolonged exposure to a defective product . . . exist[ing] at the time of delivery [that]¯was not discoverable by a reasonably prudent person,' the revival provision of 60–3303, as amended in 1990, did not affect the existing exemption." Id. at 968–69. In other words, the Kansas Supreme Court found that, even in the absence of the revival provision, Harding's cause of action fell under an exemption to the KPLA statute of repose. Importantly, however, the Kansas court reached the exemption because Harding's injury occurred "more than 10 years after time of delivery," thus first making the KPLA statute of repose applicable to his cause of action. K.S.A. § 60–3303(b)(1). Thus, the Harding Court made clear only that the KPLA statute of repose supersedes the general statute·of repose when the two are in·conflict, in a factual scenario where an injury occurs "more than 10 years after time of delivery."

One year later, in Baumann v. Excel Industries, Inc., the Kansas Court of Appeals addressed the Kansas Supreme Court's holding in Harding. 17 Kan.App.2d 807, 845 P.2d ¯65 (Kan. Ct. App. 1993). Again, Baumann, like Harding, involved an injury sustained outside the ten-year period of repose. Id. at 68. Interpreting Harding, the Kansas Court of Appeals explained that "the court in Harding held that the categories of claims covered by 60–3303(b)(2)(D) are exempt from the 10–year statute of repose." Id. at 70 (emphasis added). Thus, the Baumann court similarly recognized that a conflict between the two statutes manifests·when a plaintiff brings one of the "categories of claims covered by" the KPLA statute of repose, a conflict that the courts reconciled by applying the general rule that "a specific statute, such as [the KPLA], controls over a general statute, such as 60–513." Id. at 70. Because

Baumann's cause of action arose from injuries sustained in 1988 from a lawn mower manufactured in 1966, more than twenty (20) years prior, the Kansas Court of Appeals held that the KPLA statute of repose governed. Id. at 70–71.

In Kerns v. G.A.C., Inc., 255 Kan. 264, 875 P.2d 949 (1994), the Kansas Supreme Court revisited its holding in Harding. A young child sued a fence manufacturer and installer for his injuries after he fell into a closed swimming pool surrounded by a chain-link fence. Id. at 953. The fence had been manufactured and installed no later than 1969, and the accident occurred more than twenty (20) years later, in 1990. Id. at 953–54. The Kerns court upheld Baumann, specifically lending support to the Kansas Court of Appeals' finding that "because the legislature had not indicated otherwise, 60–3303(b), a specific statute of repose, controls over K.S.A. 60–513(b), a general statute of repose." Id. at 956. In doing so, the court reiterated that "60–3303(b),· part of the Kansas Products Liability Act, provides that **when a defective product causes an injury more than 10 years after delivery**, a rebuttable presumption arises that the harm occurred after the useful safe life of the product expired . . . ." Id. (emphasis added). ·Thus, the Kerns court held that the KPLA statute of repose applied because the child's injury occurred more than 10·years after installation of the allegedly defective fence.

In sum, these cases demonstrate that, when the two statutes of repose are in conflict, the KPLA statute of repose governs. As the Court has already discussed, see supra, Part II.A, the two·statutes only conflict when a cause of action involves harm caused more than 10 years after time of delivery, thus bringing it within the scope of the KPLA statute of repose. Thus, no Kansas decision has addressed the factual scenario before this Court,

where a product liability cause of action does not fall within the scope of the KPLA statute of repose because the injury was less than ten years after delivery. The Court is confident that, presented with the same factual scenario before this Court, the Kansas Supreme Court would apply the plain language interpretation of the statute articulated here.

## C. THIS COURT DECLINES TO ADOPT THE TENTH CIRCUIT'S INTERPRETATION OF THE KPLA STATUTE IN LIGHT OF THE SUPPORTING CASE LAW.

The only court which has taken up the discrete issue before this Court, specifically, whether the KPLA statute of repose applies to causes of action when the underlying injury occurs **within** the 10–year period of repose, is the Tenth Circuit. See Koch v. Shell Oil Co., 52 F.3d 878 (10th Cir. 1995). In Koch, a dairy farmer brought a product liability action against the manufacturer of Rabon, a product containing an oral pesticide used as an additive in cattle feed. Id. at 879. Koch fed his cows Rabon from April 1979 through October 1981, but discontinued use of the product "because he suspected it was involved in the death of a number of his cows." Id. At the time, he "obtained autopsies on some of his dead cows, [but] no traces of Rabon were found." Id. It was not until March 1991 that experts developed a new test which could detect Rabon in fat tissue. Id. In April 1991, nine years and seven months after Mr. Koch's last purchase of Rabon, experts confirmed that Rabon was present in Mr. Koch's frozen tissue as well as that of a bull who had died in 1981. Id. On November 25, 1991, Koch commenced his suit. Id. at 880. Thus, while he commenced his suit more than ten years after he purchased the product, "the alleged injuries occurred, at least in large part, within ten years of such purchase and use," although the injuries could not be

identified until just a few months shy of the ten-year cut-off. Id.

The defendants argued that the KPLA statute of repose did not apply to the farmer's claims. First, they argued that "the exceptions [in 3303(b) ] are overridden by the general statute of repose, subsection 60–513(b), by virtue of subsection 3303(c)." Id. at 883. Second, they argued that the KPLA statute of repose and its exceptions apply "only to claims relating to durable goods, except for the latent disease exception in subsection 3303(d)." Id. Finally, they made the argument adopted by this Court, "that the exceptions in question do not apply since they are exceptions to subsection 3303(b)(1), which related to harm caused more than ten years after the delivery of the product, and Mr. Koch's injury, if any, from Rabon was caused within ten years after the time of delivery." Id. at 884.

The Tenth Circuit properly dispatched the defendants' first two arguments. Relying on Harding, the court rejected the contention "that subsection (c) nullifies the exemption provided in (b)(2)(D)." Id. As for the defendants' claim that the KPLA statute of repose only applies to durable goods, the court correctly noted that "in Harding, an asbestos case, the Court clearly confirms the applicability of the exceptions in subsection 3303(b)(2)(D) to products where 'useful safe life' is essentially a non sequitur," apparently referring to products which are not durable goods. Id.

The Tenth Circuit's rationale for rejecting the defendants' third argument is less clear. The court appears to rely only on the language of § 3033(b)(2)(D), as quoted by the Kansas Supreme Court in Kerns, which exempts from the KPLA statute of repose causes of action "where the injury-causing aspect of the product was not discoverable by a reasonably prudent person within 10 years of the time of delivery of

the product." Id. (quoting Kerns, 875 P.2d at 956). As this Court explained, however, this exception in § 3303(b)(2)(D) only applies narrowly in the "unusual situation" where a "hidden defect" of the product "is not discoverable by a reasonably prudent product user **and** does not manifest itself until after a ten-year period has expired." See supra Part II.A (emphasis added). Furthermore, the Kerns decision, on which the Tenth Circuit seems to rely, does not support a broadening of the applicability of the KPLA statute of repose to accommodate the statutory interpretation urged by the Tenth Circuit because the case involved a harm caused more than ten years **after** the time of delivery. See supra Part II.B. For these reasons, the Tenth Circuit's conclusion, that the KPLA statute of repose applies to product liability cases even where the harm occurs within the ten-year period of repose, does not flow from the supporting case law. Given the lack of case law supporting a different interpretation, this Court refuses to disregard the plain language of the statute in deference to the Koch decision.

### III. CONCLUSION

It is undisputed that Plaintiff first began ingesting Risperdal by approximately October 15, 1997, and that he became aware of the harm almost immediately but certainly no later than November 29, 2000, when he was diagnosed with bilateral gynecomastia. Thus, since Plaintiff's harm was not caused more than ten years after time of delivery and its manifestation was more or less coextensive with his ingestion of Risperdal, the Court finds that the general statute of repose applies to his action. Because he did not initiate this action until July 17, 2015, roughly twenty (20) years after time of delivery and nearly fifteen (15) years after he was first made aware of his injury, the Court finds Plaintiff's claims time-barred by the applicable statute of repose, K.S.A. § 60–513(b). For these rea-

sons, Defendants' Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED,** this 14th day of February, 2017.